## HOWARD v. BURKE.

A bill of exceptions filed after term without leave, is no part of the record.

APPEAL from the *Decatur* Court of Common Pleas.

WORDEN, J.—Action of repleven for twenty hogs, by the appellant against the appellee. Trial by jury and verdict for defendant. The plaintiff moved for a new trial, on the ground that the Court gave improper, and refused proper instructions to the jury. The motion was overruled and judgment entered on the verdict. The correctness of the instructions given and refused, presents the only question in the case.

The instructions refused, and those given, are not properly before us. They form, in this case, no part of the record. They are not made a. part of the record in the manner provided for in § 324 of the code, nor are exceptions taken in the manner provided for in the following section. They do not. indeed appear in the record at all. They are contained in a bill of exceptions which was filed in the vacation of the Court, after the term at which the proceedings were had. This bill of exceptions is entirely unavailing, and cannot be deemed a part of the record.

The statute provides that "time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the Court. 2 R. S. p. 115, § 343. Here no "special leave" to file the bill after the term, appears to have been obtained, and a bill filed after the term without

Nov. Term, such leave, cannot be deemed a part of the record of the
1859.      cause.—*Lawton* v. *Swihart*, 10 Ind. R. 562.

KEELY         *Per Curiam.*—The judgment is affirmed with costs.
v.
THE STATE.    *W. Cumback*, for the appellant.

              *J. Garvin* and *O. B. Hord*, for the appellee.