### EVERHART and Another *v.* HOLLINGSWORTH.

When several defendants jointly demur to a complaint for defect of parties defendant, if there is one defendant who is unobjectionable as a party, the demurrer should be overruled.

This Court will not reverse a judgment for error in sustaining or overruling a demurrer for misjoinder of causes of action.

A bill of exceptions, not filed during the term of the Court below, nor thereafter with special leave of the Court, can not be considered a part of the record.

The judge of the Lower Court can not, out of term, grant leave to perfect a bill of exceptions, or extend the time for perfecting it, at his own instance.

APPEAL from the *Grant* Circuit Court.

DAVISON, J.—*Hollingsworth* was the plaintiff below, and *Harris* and *Everhart* were the defendants. The complaint consists of two counts. The facts alleged in each count are, in effect, the same, and are, substantially, as follows: Plaintiff was the owner of a steam saw-mill and the land on which it is situate, the same being of the value of three thousand dollars, and described as lots numbered 3, 4, and 11, in the town of *Galatia*, *Grant* county. *Harris*, one of the defendants, intending to defraud the plaintiff out of his said property, procured *Everhart*, the other defendant, to conspire with him in carrying out his fraudulent intent and

purpose. And, in furtherance of the conspiracy thus formed, he, *Harris*, conveyed to *Everhart*, by deed in fee simple, but without any consideration whatever, a tract of land in *Stark* county, known as the south-east quarter of section 2, in town 32, of range 2 west. After this, *Everhart*, by the direction of *Harris*, called upon the plaintiff, and represented to him that he was the *bona fide* owner of the *Stark* county land, and that he desired to exchange it for the plaintiff's mill property; and further, he represented to plaintiff that said land was "good, dry, rich, and tillable, one-third of it well-timbered, and the residue good, dry, rich prairie land," of the value of three thousand dollars. Plaintiff avers that said *Stark* county land was situated ninety miles from his residence; that he had no convenient means of ascertaining the truth of the above representations, and had not, at any time, any knowledge whatever of the value and quality of the land in question, and he, plaintiff, being thus ignorant of the conspiracy between the defendants to defraud him, and of the value and quality of the land, he was induced to, and did rely implicitly, on the aforesaid representations, and was thereby further induced to, and did exchange, his mill and lots for the above described land. Pursuant to the exchange thus made, he, the plaintiff, by deed, conveyed the mill property to *Everhart*, who, in like manner, conveyed the *Stark* county land to the plaintiff. It is averred that *Everhart*, within ten days after he received plaintiff's deed, conveyed, without any consideration whatever, the same mill and lots to *Harris*, who had, immediately after said exchange, taken possession of the said mill property, and still retains possession thereof, realizing large profits, etc. And the plaintiff, in fact, says that said representations as to the ownership, value, and quality of the land conveyed to him, were false and fraudulent in this, that *Everhart* was not the *bona fide* owner of said land, but received a deed therefor from *Harris*, in pursuance of the

aforesaid conspiracy between them to defraud the plaintiff; that the land in question is not "good, dry, rich, and tillable;" nor is one-third of it well timbered; but, on the contrary, the same is a miserable swamp, destitute of timber, and wholly worthless; all which, etc., was known to the defendants, but unknown to the plaintiff, etc. Wherefore the plaintiff avers that, by reason of the premises, he hath sustained damages, etc.

Defendants demurred to the complaint on three grounds: 1. There is a defect of parties defendants. 2. The complaint does not state facts sufficient to constitute a cause of action. 3. Several causes of action have been improperly joined; but their demurrer was overruled, and they excepted.

Upon the first ground of demurrer, it is insisted that there is no cause of action against *Harris*, and that he should not, therefore, have been made a defendant. This objection, though it may exist, is not, in this instance, available, because the defendants have joined in the demurrer, and, in that case, if there be one defendant who is unobjectionable, as a party, the demurrer should be overruled. It is conceded that *Everhart* is properly made a defendant, and *Harris*, to have availed himself of his improper joinder, as a party, should have demurred separately. *Pace* v. *Popenheimer*, 12 Ind. 533. *Teter et al.* v. *Hinders et al.*, at the present term.

We perceive nothing in the second assigned cause. The facts alleged in the complaint are sufficient, if proved, to sustain the action. And, as to the third assignment, it is enough to say that "for an error in sustaining or overruling a demurrer for misjoinder of causes of action," a judgment can not be reversed. 2 R. S., p. 38, sec. 52.

All the remaining assignments of error are based upon what purports to be a bill of exceptions, the validity of which is contested by the appellee. The record shows that

this cause was tried at the August term, 1859, of the *Grant* Circuit Court; but it fails to show that the bill in question was filed in the cause at that term, nor does it show that any leave was granted the defendant to file a bill at or within a period beyond the term. The bill of exceptions, upon which the appellant relies, and which is copied in the transcript, appears to have been signed by the judge, in vacation, on the 14th of October, 1859, and, on that day, filed in the clerk's office. The judge, at the close of the bill, and immediately preceding his signature, states thus: "And this bill of exceptions is perfected within the time given by the Court to perfect the same, as extended by the Court at its own instance."

The code provides, that " The party objecting to a decision must except at the time it is made; but time may be given to reduce the exceptions to writing; but not beyond the term, unless by special leave of the Court." 2 R. S., p. 115, sec. 343. Here, then, the record fails to show that leave was granted to file a bill of exceptions " beyond the term," and that being the case, the bill in question can not be considered a part of the record, because it appears to have been filed after the term. This, in our judgment, accords with a proper construction of the statute. *Howard* v. *Burk*, 14 Ind. 35. *Peck* v. *Vankirk*, 15 *Id.* 159. Nor was it competent for the judge, out of term, to grant leave to perfect such bill, or to extend the time for perfecting it " at his own instance." The bill of exceptions, then, not being properly in the record, the errors founded upon it can not, therefore, be noticed.

*Per Curiam.*—The judgment is affirmed, with costs.

*A. Steele, H. D. Thompson, J. Van Devanter, J. F. McDowell,* and *A. W. Sanford,* for the appellants.

*H. S. Kelley* and *John Brownlee,* for the appellee.