### CABLE *v.* SMOYER.

The record on appeal to this Court must show that the bill of exceptions' was filed within the term, or the time prescribed by the Court for its filing after the term, or it will not be considered as constituting any proper part of the record before this Court.

APPEAL from the *Carrol* Common Pleas.

DAVISON, J.—This was a proceeding commenced before a Justice of the Peace, under " An act concerning the unlawful detention of lands, and the recovery thereof." " Approved May 19, 1852." See 2 R. S., p. 490. *Smoyer* was the plaintiff below, and *Cable* the defendant. Before the justice, the defendant obtained a judgment, and the plaintiff appealed. In the Common Pleas, to which the cause was taken by appeal, there was a verdict for the plaintiff. Motion for a new trial denied, and judgment.

The record shows that this cause was tried on the 19th of September, 1860, and that the Court, on that day, upon its refusal to grant a new trial, granted defendant leave to file his bill of exceptions within ninety days. There are, in form, two bills of exceptions set out in the transcript, but they appear to have been filed on the 1st of January, 1861. This was not within the time prescribed by the order of the Court, and the bills are, therefore, no part of the record. *Simonton* v. *Plank Road Co.,* 12 Ind. 380. *Howard* v. *Burke,* 14 Ind. 35. *Peck* v. *Vankirk,* 15 *Id.* 154. *Maffit* v. *Pollard,* at the present term. As the assignments of error are all based upon the supposed bills of

exceptions, and they not being properly in the record, there is, of course, nothing before us.

*Per Curiam.*—The judgment is affirmed, with costs.

*Henry M. Graham,* for the appellant.

