## THOMPSON *v.* OSKAMP.

Action on a note given for a patent-right. Answer, that the payee
of the note represented himself as the owner of the patent, etc.,
and that, in fact, he was not the owner, and had no title.
*Held*, that the answer was good.
An answer is not regarded as double, where one of two grounds of
defense is not well pleaded.

APPEAL from the *Franklin* Common Pleas.

*Per Curiam.*—Suit upon one of two five-hundred-dollar
notes, given for the right to use a patent-right in the State
of Ohio.

The first paragraph of the answer admitted that the two
notes were given for a conveyance of the right, etc., but
alleged that the payee of the note falsely and fraudulently
represented that he had the exclusive right to sell, etc., in
said State, and that the machine patented would perform in
a specific manner; whereas, in truth, the machine would not
perform in such manner, and the right was worthless.

The second paragraph was like the first, except that it
averred, that he represented himself as the owner, while the
paragraph did not negative the fact of ownership.

The fourth paragraph alleged, that the payee represented
himself as the owner, etc., and then averred, that he was
not the owner, and that he had no title.

The Court sustained a demurrer to the fourth paragraph,
which, we think, was error, that paragraph being, in our
opinion, good.

But it is contended that the error can not reverse the case,
because the question of title was put in issue by the first
and second paragraphs, and, hence, was triable upon those.
But we think the whole case, including the briefs of coun-
sel, shows that, in the Court below, those two paragraphs
were treated as putting in issue the value of the right, not

the title to it, and that a new trial should be granted, for the error in holding bad the fourth paragraph. See *Cronk* v. *Col*, 10 Ind. 485. An answer is not regarded as double, where one of two grounds of defense is not well pleaded.

The judgment is reversed, with costs. Cause remanded for further proceedings.

*T. W.* and *E. N. Wollen*, for the appellant.

*Overstreet* and *Hunter*, for the appellee.