## SWINNEY v. NAVE et al.

SLANDER—PLEADING.—In complaints for slander, the words spoken should not be alleged with a *continuando*. Slanderous words spoken at one time, constitute one cause of action. The same or other slanderous words spoken at other times constitute other causes of action, but if relied upon, they should be separately pleaded in separate paragraphs.

SAME,—It is unnecessary, but admissible, under the code, to answer in mitigation in actions of slander. Matter in mitigation may be given in evidence under an answer in justification.

PRACTICE—BILLS OF EXCEPTIONS.—A bill of exceptions can not be filed by the judge, after the time given by the Court in term; at least without the consent of all the parties.

SAME.—A motion to strike out a part of a pleading need not be in writing unless required by a rule of the Court in which it is made, and error in overruling such motion should be taken advantage of by bill of exceptions.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—This was an action by *Nave* and wife against *Swinney*, charging him with slandering *Mrs. Nave* on, &c., "and at divers other times," by speaking, &c.

The defendant moved to strike from the complaint the words "and at divers other times," and the Court overruled the motion, if the clerk is to be believed, but the Court has not so stated in any bill of exceptions.

There was a trial, resulting in a verdict and judgment for the plaintiffs for 1000 dollars.

Touching the bill of exceptions which is copied in the record, the clerk, in return to a *certiorari*, says: "That in the month of *November*, or in the early part of *December*, 1862, I was directed by an attorney of defendant, *Swinney*, to make a certified transcript of the papers and proceedings in this case; that among those papers was one purporting to be a

Swinney *v.* Nave et al.

bill of exceptions, filed *June* 28, 1862, but the same was not signed by the judge of the Court. The bill was afterwards taken from the office by said attorney and subsequently returned to it, changed, to some extent in its contents, and signed by the judge of the Court, when it was recorded in the transcript as it now appears, purporting to have been filed, and signed *June* 28, 1862."

The cause was tried in the *Allen* Circuit Court, *April* 28, 1862, and *seventy* days were given within which to file a bill of exceptions.

It is thus plain that the perfected bill of exceptions was not legally placed upon record.

A bill of exceptions can not be filed by the judge himself, at all events, without the consent of both parties to the cause, after the time fixed in term time, being the term at which the cause is tried, has elapsed; 19 Ind. 138; *id.* 178; if such expiration occurs in vacation. If a motion is made to strike out a part of a pleading, and exception is taken to the ruling of the Court on such motion, the facts should be shown by a bill of exceptions. See *Matlock* v *Todd*, 19 Ind. 130.

Such motion to strike out need not be in writing unless a rule of the Court in which it is made requires that it should be.

In this case the motion to strike out should have been sustained. Slanderous words spoken at a given time, including all such spoken at one time, constitute one cause of action. The same or other slanderous words, spoken at another time, constitute another cause of action: see Digest, tit. Libel and Slander; and though in a suit for slander, the plaintiff should, according to the spirit of the code, include all causes of action for slander, against the defendant up to the commencement of the suit, yet each cause should be set forth in a separate paragraph, to avoid the vice of duplicity. Trespass upon real estate may be laid with a *continuando*. 1 Chit. Pl. 394.

So, it is said, may criminal conversation, the wrong complained of not being the assaults on the wife, in such action, but the consequent corruption of the body and mind of the wife. 2 Chit. Pl. 643, note. But, says Chitty, vol. 1, *supra*, where the act complained of is single in its nature, as an assault, &c., it is ground for special demurrer, if it be laid to have been committed on divers days and times. See *Mitchell* v. *Neale*, Cowper 828, *English* v. *Purser*, 6 East. Rep. 451. Duplicity in pleading is the including, even though stated with technical deficiency, two substantially good causes of action or defence in one paragraph. *Thompson* v. *Oskamp*, 19 Ind. 399, lays down this point inaccurately. Steph. on Pl. 259. But the objection is not available when raised for the first time on appeal.

As to suits for tortious injuries to the wife, and proper complaints for such, see *Rogers* v. *Smith*, 17 Ind. 323.

It is.not necessary, though permitted by the code, to answer in mitigation in actions of slander. Matter in mitigation may be given under an answer in justification. See Dig. tit. Libel and Slander. The provision in the code allowing answers in mitigation was proper in *New York*, under the decisions in that State upon the common law rule of evidence, but was unnecessarily copied into our code.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages, and costs.

*Moses Jenkinson* and *L. C. Jacoby*, for the appellant.

*William S. Smith*, and *John Morris*, for the appellees.