BOOHER ET AL. *v.* GOLDSBOROUGH ET AL.

PRACTICE.—*Supreme Court.*—*Rehearing.*—When a rehearing is granted by the Supreme Court generally, and not as to particular points, the cause is before the court for examination and decision as though it had never been considered and decided; and in such case a concession or admission contained in an original brief may be withdrawn.

PLEADING.—*Duplicity.*—*Immaterial Allegations.*—To render a pleading double, there must be in substance two good causes of action or defence. The matter must be so pleaded that issue may be taken thereon. Immaterial matter will not bring a pleading within the rule against duplicity.

SAME.—*Motion to Separate.*—Where but one defence is set up in a paragraph of answer, a motion to separate it into paragraphs should be overruled.

SAME.—*Motion to Strike Out.*—A motion to strike out is well taken, when there is no cause of action or defence, or when the matter proposed to be struck out is immaterial, but is connected with matter that is material.

SAME.—*Answer.*—*Breach of Warranty.*—An answer setting up a warranty and a breach of it must show the character and extent of the warranty, and the nature and particulars of the breach, and if in bar of the entire action, it must show that the damages amounted to as much as the cause of action.

PRACTICE.—*Demurrer.*—Where a demurrer to a bad special answer is over-ruled, the error is not harmless though the same facts are admissible under some other paragraph.

DAMAGES.—*Measure of.*—*Breach of Warranty.*—When an action or defence is based upon the breach of a warranty in the sale of a chattel, the measure of damages is the difference between the value which the thing sold would have had at the time of the sale, if it had been sound, or had corresponded to the warranty, and its actual value with the defect.

SAME.—Where damages are claimed for a breach of warranty in the sale of machinery sold by a person not the manufacturer, and where no fraud is charged, it is error to instruct the jury that they may allow, as damages, the value of the use of the machinery for a reasonable time to make the repairs necessary to cause the machinery to comply with the warranty.

From the Boone Circuit Court.

*J. McCabe, M. D. White,* and *T. Patterson,* for appellants.

*J. M. Butler, A. J. Boone,* and *R. W. Harrison,* for appellees.

BUSKIRK, J.—This action was by the appellants against the appellees, upon a promissory note, payable in lumber, which was given in part consideration for a steam saw-mill sold by the appellants to the appellees.

The appellees filed a joint answer consisting of three paragraphs. Joseph Flannegan and Harrison I. Goldsborough filed a separate answer in two paragraphs. There was no question made in the court below or here in reference to the first paragraph of the joint answer or the separate answer, and they need not be further noticed.

The appellants moved the court to strike out parts of the second paragraph, and that motion being overruled, they then moved the court to require the appellees to separate the two distinct causes of action stated therein, and to set them forth in two separate paragraphs. This motion was overruled. Proper exceptions were taken to these rulings, and the questions are reserved by a bill of exceptions.

The appellants demurred to the third paragraph of the joint answer. The demurrer was overruled, and an exception taken. There was a reply in denial of each paragraph of the answer.

The cause was submitted to a jury for trial and resulted in a finding for the appellees, and the court, over a motion for a new trial, rendered judgment on the verdict.

The appellants have assigned the following errors:

1. That the court erred in overruling the motion to strike out parts of the second paragraph of the joint answer.

2. That the court erred in overruling the motion of appel-

lants to require the appellees to separate and paragraph the second paragraph of the answer.

3. That the court erred in overruling the demurrer to the third paragraph of the answer.

4. That the court erred in overruling the motion for a new trial.

The other assignments of error are repetitions of the reasons for a new trial, and so far as they are valid reasons for a new trial are embraced by the fourth assignment.

It is essential to a proper understanding of the questions involved and argued by counsel, that we should set out in this opinion the second and third paragraphs of the joint answer which are as follows:

"Par. 2. And for further answer to said complaint, and by way of counter-claim, said defendants say that said note was executed in payment, or part payment, of the purchase-money for a certain steam engine and saw-mill purchased of plaintiff by said principals in said note; that at the time said defendants, principals in said note, purchased said engine and mill from said plaintiffs, to wit, in the month of June, 1868, said plaintiffs then and there represented to said defendants, said principals as aforesaid, that said steam engine was a number one engine, as good as new, and in nowise injured or damaged; that to induce defendants to purchase said engine and mill, said plaintiff Booher did then and there repeatedly make said representations and repeatedly in substance warranted said engine to be as good as new, a number one engine, and in nowise injured or damaged by use; that at the time the engine was all set up and in running condition; that many parts and portions of said engine, the fire box, boiler, and many portions of said engine were so situated that the same could not be examined by the defendants; that plaintiffs well knew this fact, and well knew, and were at the time informed by said defendant John F., that said purchase was being made by defendants relying upon and confiding in the

representations of plaintiffs regarding said engine, boiler, and machinery connected with said engine.

" And defendants aver and say that said purchase was made relying upon, and implicitly confiding in, the representations and warrant given to them and uttered by said plaintiff Booher, and that so relying upon said statements, said principals in said note were induced to purchase said engine and mill and agree to pay therefor two thousand seven hundred dollars, of which said note sued on is a part, the remaining note not yet being due, and for the balance executed said note sued on and another note for one thousand three hundred and fifty dollars."

A. " And defendants aver and say that said representations and warrant, so as aforesaid repeatedly made by said plaintiff Booher to said defendants, principals in said note, were wholly false, and that said plaintiffs well knew said representations to be false at the time they were made, and that said defendants did not know that said representations were false and untrue; that said engine was not as good as new, was not a number one engine, but on the contrary was very greatly damaged and almost worthless ; that soon after defendants took possession of said mill and began running said engine, they discovered that the fire box was badly cracked and worthless, which fact was carefully concealed from defendants by plaintiffs at the time of said purchase ; that the boiler began to leak badly, rendering it almost impossible for defendants to use said engine ; that upon opening said boiler and carefully cleaning the same out, defendants found out that said boiler was burned out, cracked, and in a manner worthless, and that said defects and cracks had been carefully and temporarily closed by putting large quantities of flour in said boiler ; and said defendants say that by reason of the falsity of said representations of said plaintiffs as aforesaid, which they well knew to be false, and upon the truth of which they well knew defendants relied, and by reason of the damaged and comparatively worthless condition of said engine, said defendants were greatly damaged

in loss of time and in the expenditure of large sums of money in and about repairing and making fit for use said engine; that in making said' necessary repairs, they were obliged to let said mill stand idle during the greater portion of four months in a season of the year when the use of said engine would have been of the greatest value and advantage to said defendants; and defendants herewith file and make part hereof a bill of particulars showing the amounts of expenditures laid out and expended by defendants in repairing said engine and in necessary expenses for hands, boarding, freight bills, etc., connected with said repairs, and for damages resulting from the loss of the use of said mill during the time necessarily consumed in making said repairs; said bill is marked ' B.'

"And defendants say that, by reason of the defects and failure of the warranty in said engine and the costs of the repairs necessary to make it fit for use at all, the difference between the actual value of said engine at the time defendants purchased the same and the value of such an engine as plaintiffs represented said engine to be, is and was the sum of two thousand two hundred and sixty-eight dollars and forty-six cents; wherefore defendants demand judgment by way of counter-claim for two thousand two hundred and sixty-eight dollars and forty-six cents, and that a sufficient amount thereof may be applied to paying the balance due on said note sued on, and that defendants may have judgment against said plaintiffs for the residue of this their counter-claim, after the paying off of said balance due on said note, and for costs and any and all other relief consistent in the premises.

"Par. 3. And defendants, for further answer, say that the consideration of the note sued on has wholly failed in this, that said note was given in part payment for a steam engine and saw-mill, which said steam engine and mill were by plaintiffs represented and warranted to be as good as new, a number one engine, and in nowise damaged, upon which representations and warrant defendants wholly relied, when they purchased said engine and mill; but defendants say that

said representations were false, and that said warrant has wholly failed; wherefore said defendants say that the consideration of said note has wholly failed; wherefore defendants pray judgment for costs, and any and all other proper relief."

The first and second assignments of error are based upon the action of the court in overruling the motions to strike out parts of the second paragraph of the answer, and to separate and paragraph the two causes of action contained in such paragraph.

The motion to strike out proceeded upon the theory that the gravamen of the defence was a warranty and its breach, and that the allegations that false representations were made were not sufficient to constitute a defence upon the ground of fraud. The motion to require the defendants to separate into distinct paragraphs the matters alleged in such paragraph was based upon the supposition that the facts alleged constituted two good defences, that of warranty and fraud.

We are therefore required to determine whether the second paragraph contained more than one cause of defence; and if it did not, then, were these redundant allegations, which could be reached by a motion to strike out?

We are met at the threshold of all inquiry into the character or sufficiency of the second paragraph of the answer, with an objection on the part of counsel for appellees, that appellants in their original brief, in express terms, waived the objection that such paragraph of the answer was double, or in other words, that they admitted that it only contained one ground of defence. The facts are these: counsel for appellants in their original brief admitted that the facts stated in such paragraph are sufficient to show that there was a warranty and a breach of it, but that the facts alleged are insufficient to make out a case of fraud. An opinion was filed in this case reversing the judgment, on the ground that the second paragraph contained two grounds of defence, namely, a warranty and fraud. A petition for a rehearing was filed, in which a rehearing was asked, mainly upon the ground

that counsel for appellants had admitted in their brief that there was only one ground of defence stated in the second paragraph of the answer. A rehearing was granted. The cause was again submitted, and counsel for appellants have filed an additional brief, in which they, in express terms, withdraw the admission contained in the original brief, and insist upon the assignment of error that the court below erred in refusing to require the appellees to separate into separate paragraphs the two causes of defence, as contained in the second paragraph of the answer.

We are required to determine whether, under the facts stated, counsel for appellants have the right to withdraw the admission made in their brief on the original hearing of this cause. The rehearing was asked as to the whole case. We were asked to set aside the judgment reversing the judgment below, with the view that we should, upon another hearing, affirm the judgment. The rehearing was granted generally, and not as to particular points. The granting of the rehearing had the effect to set aside our judgment reversing the judgment of the court below, and left the latter judgment in force. The case went back upon the docket, and was again submitted, and has again reached the court in the regular order of the distribution of causes. The cause, therefore, comes before us for examination and decision as though it had never been considered and decided by us. If the rehearing had been asked and granted upon particular points, the re-examination would have been limited to such points. *Gatling* v. *Newell,* 12 Ind. 116. In our opinion, the concession or admission contained in the original brief of counsel for appellants was not of that character that it could not be retracted. *Wheat* v. *Ragsdale,* 27 Ind. 191; *Hays* v. *Hynds,* 28 Ind. 531. The admission has been withdrawn, and we proceed, as though it had never been made, to determine whether the second paragraph of the answer is subject to the objection of duplicity.

It seems to us that the evident intention of the pleader was to make the following averments;

1. That appellants warranted the engine and accompanying machinery to be number one, as good as new, and in nowise injured or damaged by use.

2. That there had been a failure of the warranty.

3. Setting out facts showing the extent and character of the failure of the warranty.

4. Showing the damages resulting from the failure; and showing that appellees could not have, with ordinary examination, discovered the condition of the engine, boiler, and some parts of the machinery.

The answer does not charge fraud. It does not charge fraudulent representations. It does not charge fraudulent intent, or that appellants acted fraudulently in the matter. The answer directly avers a reliance on the " representations and warranty," which, it seems to us, means that the appellees relied upon the terms of the warranty, for the representations constituted the warranty. All the representations averred in the answer are coupled directly with, and in fact form the warranty. It is true that the answer does say, that the warranty and representations forming the warranty were false and untrue, but this is true of every warranty that fails, whether it is so alleged or not; the allegation neither strengthens nor weakens the warranty. It is also true that it is averred that the appellants at the time knew the warranty to be false. This does not hurt the pleading, nor does it strengthen it any. The *scienter* need not be proved, even if laid. The answer does not found any defence on fraud aside from the warranty, but merely sets up a warranty and its breach, with circumstances and statements going to show that the transaction was tortious in its character. The representations in the answer, unconnected with warranty and aside from it, are wholly insufficient to make a good defence of fraud for several reasons :

1. The answer does not charge that these representations were fraudulently made, or were made with the fraudulent intent to cheat or deceive the appellees.

VOL. XLIV.—32

2. It is not alleged that the appellees were ignorant of the falsity of such representations and relied thereon, but it is alleged that they relied upon such representations and warranty. It is not essential to constitute fraud, that a person making representations should at the time know that they were false, but they must be made with a fraudulent intent. It is sufficient if they are made recklessly, not knowing them to be true, and for the purpose of influencing the other party in making the purchase or contract. *Frenzel* v. *Miller,* 37 Ind. 1 ; *Addington* v. *Allen,* 11 Wend. 375.

It seems very obvious to us that the matters stated in the second paragraph of the answer only constituted one valid defence, that of a warranty and its breach.

This leads us to inquire whether the paragraph in question was double. It was held by this court in *Thompson* v. *Oskamp,* 19 Ind. 399, that "an answer is not regarded as double, where one of two grounds of defence is not well pleaded." It was held in *Swinney* v. *Nave,* 22 Ind. 178, that "duplicity in pleading is the including, even though stated with technical deficiency, two substantially good causes of action or defence in one paragraph. *Thompson* v. *Oskamp,* 19 Ind. 399, lays down this point inaccurately. Steph. Pl. 259. But the objection is not available when raised for the first time on appeal."

Stephens states the rule thus :

" 2. Matter may suffice to make a pleading double though it be ill pleaded. Thus in trespass for assault and battery, the defendant pleaded that he committed the trespasses in the moderate correction of the plaintiff as his servant ; and further pleaded, that since that time the plaintiff had discharged and released to him the said trespasses, without alleging, as he ought to have done, a release under seal. The court held that this plea was double, the moderate correction and the release being each a matter of defence ; and though the release was insufficiently pleaded, yet as it was a matter that a material issue might have been taken upon, it sufficed to make the plea double."

The third rule laid down by the same learned author in reference to duplicity in pleading is, that "matter immaterial cannot operate to make a pleading double." The author says: "This doctrine that a plea may be rendered double by matter ill pleaded, but not by immaterial matter, quite accords with the object of the rule against duplicity, as formerly explained. That object is the avoidance of several issues. Now whether a matter be well or ill pleaded, yet if it be sufficient in substance, so that the opposite party may go to issue upon it, if he chooses to plead over, without taking the formal objection, such matter tends to the production of a separate issue ; and is on that ground held to make the pleading double. On the other hand, if the matter be immaterial, no issue can properly be taken upon it; it does not tend, therefore, to a separate issue, nor, consequently, fall within the rule against duplicity."

The rule as above laid down is, that to render a pleading double, there must be in substance two good causes of action or defence. The matter must be so pleaded that issue may be taken on it ; and as issue cannot be taken on matter that is immaterial, such matter will not bring a pleading within the rule against duplicity. We, therefore, are of opinion that the pleading in question is not double, because no issue could have been taken on such representations when disconnected from the averments relating to the warranty and its breach. It was held by this court in *Hendry* v. *Hendry*, 32 Ind. 349, that where a pleading is double, the remedy is by motion to compel the party pleading it to separate the causes of action or defence into paragraphs and number them, and that such a defect was not reached by a motion to strike out. In the present case, the motion to compel the defendants to separate the two causes of defence into paragraphs and number them was properly overruled, because there was only one defence set up.

The appellants moved to strike out of the second paragraph of the answer all the matter between the capital let-

ters "A" and "B," as they appear in this opinion. The motion was correctly overruled, for two reasons:

1. If the matter proposed to be stricken out all related to the defence of fraud, the remedy would have been to compel the appellees to separate such matter into paragraphs.

2. The most of the matter proposed to be stricken out related to the defence of a warranty and its failure, and was essential to make out such defence. The motion to strike out should be resorted to when there is no cause of action or defence, or when the matter proposed to be stricken out is immaterial, but is connected with matter that is material. *Clark* v. *The Jeffersonville, etc., Railroad Co., ante,* p. 248.

We proceed to inquire whether the court erred in overruling the demurrer to the third paragraph of the answer.

The objection urged against this paragraph of the answer by counsel for appellants is, that in order to make the paragraph good, it is necessary that it should show: 1. The warranty. 2. The breach of the warranty. 3. That the damages resulting from the breach amount to at least as much as the note sued on, and that it fails to show these things. We think the objection is well taken. It is not sufficient to allege generally that there was a warranty of the article sold, and that there had been a failure of the warranty. The answer should have shown the character and extent of the warranty and the nature and particulars of its breach ; and the answer being in bar of the entire action, there should have been an allegation that the damages amounted to as much as the cause of action.

But it is insisted that the appellants were not injured by the action of the court in overruling the demurrer, as the same facts were admissible under the second paragraph. Where a demurrer is sustained to a good special answer, the error will be harmless, if the same facts are admissible under some other paragraph; but the rule is otherwise, where a demurrer is overruled to a bad special answer. In the case first supposed, the defendant can offer his evidence under the other paragraph and may avail himself of any question

of law arising thereon by instruction or otherwise. In the latter case, a plaintiff has no mode of availing himself of the objections to the answer but by demurrer, and that being overruled, if the answer is true in point of fact, his case is at an end. *Abdil* v. *Abdil,* 33 Ind. 460.

The case of *Peery* v. *The Greensburgh, etc., Co.* 43 Ind. 321, is very much in point. The principle involved is the same. There, a demurrer was overruled to a bad paragraph of the complaint. The finding was general. In that case, as in this, less proof was required to make ont the bad paragraph than the good ; and in the absence of a special finding showing upon what paragraph the finding and jndgment proceeded, the presumption is, that it was upon the whole complaint or answer.

We next inquire whether the court erred in overruling the motion for a new trial.

It is insisted by counsel for appellants that the court erred in admitting illegal and incompetent evidence, and in giving improper instructions to the jury bearing upon the question of the measure of damages resulting from the failure of the warranty. We will consider the questions together. The court, over the objection and exception of the appellants, permitted Norman I. Goldsborough and four others, whose names are given, to testify to the length of time the engine and mill in controversy were idle, while the engine was being repaired, in the fall and winter of 1866, and also the cash rental value of a number one mill, good as new, during the time the engine was undergoing repairs.

The court gave the jury the following instruction in reference to the measure of damages :

" If the jury believe from the evidence that the plaintiffs warranted the mill and engine to be as good as new, and that they were guilty of fraud in the sale, the measure of damages to which defendants are entitled is the difference between the value of said engine and mill at the time of sale, and the value of such an engine and mill as warranted or as represented at the time of the sale and the value of the use of such an engine and mill for a reasonable time,

to make such repairs as were necessary to make the same comply with the warranty or fraudulent representations, if any were made."

The above instruction was based upon the theory that fraud had been set up and relied upon as a ground of defence, but we have seen that such was not the case. When the action or defence is based upon the breach of a warranty in the sale of a chattel, the measure of damages is the difference between the value which the thing sold would have had at the time of the sale, if it had been sound or corresponding to the warranty, and its actual value with the defect. Sedgw. Dam. 324, and authorities cited.

The above doctrine has been fully approved by this court in several well considered cases. In *Overbay's Adm'r* v. *Lighty*, 27 Ind. 27, the court say :

" The defence pleaded was a failure of consideration resulting from a breach of a covenant of warranty. The measure of damages in such case is the difference between the actual value of the property at the date of the purchase, and its value at that date if it had answered the terms of the warranty."

The ruling in the above case was adhered to in the subsequent case of *Street* v. *Chapman*, 29 Ind. 142.

Parsons on Contracts lays down the rule to be that the party can have no other compensation than that which would make up the difference between what the goods are and what they ought to be. To the same effect is the case of *Cary* v. *Gruman*, 4 Hill N. Y. 625, which is a leading case and is strongly supported by many English and American cases which are reviewed and cited.

The rule seems to be settled that where a manufacturer sells an engine with an express or implied warranty, that it is suitable for a particular purpose, and the purchaser should, without fault upon his part, in consequence of an unsoundness or unfitness, suffer damage by the destruction of that kind of property which it was reasonable that the parties to the contract contemplated would be necessarily placed in close proximity to such machinery, he should recover

such damages, the injury being regarded as the natural and legitimate result of the breach of the warranty. *Page* v. *Ford,* 12 Ind. 46, and the numerous cases cited.

It seems also to be settled that where a manufacturer undertakes to construct and set up, within a specified time, an engine or other machinery of a stipulated quality or power, and he fails to deliver the article within the time specified, and of the quality designated, the measure of damages is the difference between the machinery furnished and that called for by the contract, to which may be added the damages resulting from a failure to deliver within the time. *Griffin* v. *Colver,* 16 N. Y. 489; *The Western G. R. Co.* v. *Cox,* 39 Ind. 260; *Fisk* v. *Tank,* 12 Wis. 276.

The doctrine above stated, as applied to manufacturers, does not seem to have been applied to the purchase of an engine or machinery like the one in the present case.

The measure of damages in case of fraud is different from what it is upon a breach of warranty. Sedgwick, on page 295, says: "We have thus far considered the subject without any admixture of fraud. Where that occurs, the rights of the parties are altered. If the vendor of a chattel make fraudulent representations in regard to the value of the property, or is otherwise guilty of fraud in making or performing the contract, to the injury of the vendee, the latter has his election of remedies; he may stand to his bargain even after he has discovered the fraud, and recover damages on account of it, or he may rescind the contract and recover back what he has paid; or again, he may wait till the vendor bring his action, and then recover the damages he has sustained by the fraudulent act."

The same author, on page 291, in speaking of the measure of damages on the breach of a warranty, says: "The rule which we have been considering does not at all apply where fraud intervenes."

In *Sharon* v. *Mosher,* 17 Barb. 518, the rule is stated as follows: "This is an action to recover damages for deceit in the sale of a horse. The only question to be determined

is as to the measure of damages allowable upon the facts presented in the bill of exceptions. The rule adopted on the trial limited the recovery to the difference in value, between the mare as represented and her actual value. This · is the well settled rule in case of a breach of contract of war-·ranty (*Cary* v. *Gruman*, 4 Hill, 625), and also in case of a simple legal wrong, committed without circumstances of fraud or wilfulness. *Walrath* v. *Redfield*, 11 Barb. 368. But when the wrong complained of is characterized by fraud, malice or gross carelessness, I think the rule of damages should be extended, so as to embrace all damages which naturally flow therefrom."

There are cases where consequential damages are allowed on a breach of warranty, but they are not like this. Sedgw. Dam. 291.

The instruction under examination was not applicable to the issues or facts of the case, and was consequently erroneous and calculated to mislead the jury; for which error and the overruling of the demurrer to the third paragraph of the answer, the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded for a new trial in accordance with this opinion.