No. 13,213.

## BLACKER ET AL. *v.* SLOWN.

WARRANTY.—*Sale of Goods.*—*Measure of Damages.*—The measure of damages for a breach of warranty as to the quality of goods sold, is the difference between the actual value of the goods at the time of sale and what would have been their value had they been as warranted.

SAME.—*Loss of Trade.*—*Interrogatories to Jury.*—*Judgment Notwithstanding General Verdict.*—For interrogatories to the jury and answers thereto which are held not sufficient to authorize a judgment for the plaintiff, notwithstanding the general verdict, in an action for goods sold, where the defendant pleaded a breach of warranty and asked damages for loss of trade, etc., see opinion.

SPECIAL VERDICT.— *What Facts Jury May Find.*— The particular facts which a jury may be required to find specially, under section 546, R. S. 1881, are facts which underlie the rights of the parties, and which may be established by the evidence.

From the Owen Circuit Court.

*S. O. Pickens* and *W. A. Pickens*, for appellants.

*D. E. Beem* and *W. Hickam*, for appellee.

ZOLLARS, J.—Appellants brought this action against appellee to recover the amount of a bill of goods which they claimed to have sold to him.

Appellee answered by a general denial, and, also, that he purchased by sample from appellants, through their travelling salesman, goods of the kind described in the complaint, and that they were warranted to be of the best material and substantially made; that they were of such inferior quality, and so defectively made, that they were worthless; that the defects were such as could be discovered only by use and wear, and could not have been discovered at the time the goods were received, by the use of ordinary care; that he purchased the goods for the retail trade, and that, relying upon the warranty on the part of appellants, he warranted them to his customers; that, when their worthlessness was discovered by use and wear, he was compelled to receive them back from

Blacker *et al. v.* Slown.

his customers, and furnish to them other goods in their stead; that by reason of all of which, " and the loss of trade and dissatisfaction, and annoyance to him thereby, he was damaged," etc.

The jury returned a general verdict for appellants in the sum of $183.65, and also answers to interrogatories propounded by appellants.

The interrogatories and the answers thereto are as follows:

" No. 1. What would have been the value of the goods sold and delivered by the plaintiffs to the defendant at the time they were received by the defendant, had they conformed to the terms of the warranty ?   Answer. $275.25.

" No. 2. How much damages do you allow the defendant, under his answer, for having to replace with other goods such of said goods as were sold to his customers; for loss of trade ; for dissatisfaction and annoyance because of the defects in said goods ?   Answer. $92.05."

Upon the answers to the interrogatories appellants moved for judgment in their favor for $275.25, notwithstanding the general verdict.

They claim that the answer to the second interrogatory shows that the jury adopted and acted upon a false basis in arriving at their general verdict, and that, therefore, they should have judgment for the full amount stated in the answer to the first interrogatory.

The general rule is, as stated by their attorneys, and as laid down in the case of *Hege* v. *Newsom,* 96 Ind. 426, that in a case like this the measure of damages for a breach of warranty is the difference between the actual value of the goods at the time of sale and what would have been their value had they been as warranted.

We do not think, however, that, upon the answers to the interrogatories, appellants are entitled to judgment for what the goods would have been worth had they been as warranted. The first interrogatory involves an admission that the goods were sold under a warranty, and that they were

not such as appellants warranted they should be, for the jury were thereby required to state, and did state, what would have been their value had they conformed to the terms of the warranty. The answer that the goods would have been worth $275.25 had they conformed to the terms of the warranty is a finding, in effect, that they were not of that value, because they did not conform to the terms of the warranty. The general verdict involves a like finding.

To give appellants judgment for $275.25, therefore, would be to give them a judgment for that amount over a violated warranty, and for more than the goods were worth.

If there were nothing but the general verdict and the first interrogatory and the answer thereto, clearly appellants would not be entitled to a judgment for. $275.25, nor for any other amount, except that stated in the general verdict. And just as clearly, they are not entitled to any more under the second interrogatory and the answer thereto.

The answer to that interrogatory does not fix the value of the goods at $275.25. In connection with the interrogatory it shows that the jury allowed to appellee $92.05 under his answer for having to replace with other goods such of the goods purchased from appellants as he had sold to his customers, etc.

It is averred in the answer, under which the deduction was made, that appellee was compelled to replace the goods sold by him with other goods because those sold proved to be worthless.

It might with propriety, therefore, be said, that the interrogatory and the answer thereto amounted, in effect, to a finding that the goods sold to customers were partially or wholly worthless, if it amounts to a finding of any fact within the terms of the statute. But beyond this, we think that, so far as appellants' motion for judgment is concerned, at least, the second interrogatory and the answer thereto should be disregarded, as they do not constitute a finding of any fact within the meaning of the statute—section 546, R.

S. 1881—which authorizes a finding by the jury upon particular questions of fact. Under that statute, interrogatories propounded to the jury must call for findings specially, upon particular questions of fact pertinent to, and involved in, the issue, and essential to its support on the one side or the other, and which, therefore, would be impliedly covered by the general verdict. *Manning* v. *Gasharie*, 27 Ind. 399. In other words, the particular facts which the jury may be required to find specially are facts which underlie the rights of the parties, and which may be established by the evidence.

In the case before us, the second interrogatory has no relation to such facts. It is an inquiry calculated rather to reveal the secrets of the jury room by a discovery of the basis adopted and acted upon by the jury in arriving at their general verdict.

Without further extending this opinion, we hold that the court below did not err in overruling appellants' motion for judgment in their favor for $275.25 upon the answers to the interrogatories, notwithstanding the general verdict.

Judgment affirmed, with costs.

Filed April 11, 1888.