Crist v. Jacoby et al.

further prolong this opinion by considering them in detail.

Judgment affirmed, at the costs of appellant.

Filed Oct. 17, 1894.

No. 1,275.

CRIST v. JACOBY ET AL.

ASSIGNMENT OF ERRORS.—*Joint Assignment.—When Not Sustained.*—
An assignment of error "that the court erred in overruling appellant's demurrer to the first and the fourth paragraphs of appellees' answer," is joint, and can not be sustained unless both paragraphs are bad.

DEFENSE.—*Answer.—Principal and Surety.—What Available to Both.*—
A paragraph of answer which shows a defense available to the principal, is good as to both principal and surety, for the surety has the right to take the benefit of any claim in favor of the principal debtor arising out of contract.

EVIDENCE.—*Parol.—Proof of Warranty.—Promissory Note.*—In an action on a promissory note given in payment of the purchase-price under a parol contract of sale, the note in no way relating to the terms of the sale, parol evidence is admissible in proof of a parol warranty.

JUDGMENT.—*Non Obstante.—Answer.*—Where a good answer is on file, the plaintiff is not entitled to judgment *non obstante veredicto.*

APPELLATE COURT PRACTICE.—*Objection Not Presented to Trial Court.*
—The appellate tribunal will consider only such objections as were presented to the trial court.

From the Boone Circuit Court.

*I. M. Sharp,* for appellant.

*P. H. Dutch* and *W. A. Dutch,* for appellees.

GAVIN, J.—The appellant sued appellees upon a promissory note. They answered in four paragraphs, one of which was a general denial.

Demurrer was overruled to the second and fourth paragraphs, with exception.

The verdict of the jury was in favor of appellees, and judgment was rendered accordingly.

The first error assigned is that the trial court erred in "overruling appellant's demurrer to the first and the fourth paragraphs of appellees' answer."

Under the rule established by many cases, this is a joint assignment of error, as contended by the appellees. In order that it may be sustained it must appear that both paragraphs are bad. *Noe* v. *Roll*, 134 Ind. 115.

In the fourth paragraph it is alleged that the appellee Clark Jacoby was the principal, and his co-appellee the surety, upon the note sued on, which was executed for the purchase price of a cow sold to said Clark Jacoby by the payees of the note, of whom appellant was one.

This paragraph sets up a breach of a parol warranty, made at the time of the sale, relating to the qualities, disposition and pedigree of the cow, whereby appellee had been damaged, etc.

The matters thus counted upon might properly be pleaded as a defense to the action. *Aultman & Co.* v. *Forgey*, 10 Ind. App. 397, and cases cited.

The pleading is not objectionable upon the ground that it does not show a defense available to both defendants. If it alleges a defense in favor of the principal defendant it is also good as to the surety, and, being good as to each, it is necessarily sufficient on behalf of both. The statute gives the surety the right to take the benefit of any claim in favor of the principal debtor arising out of contract. R. S. 1894, section 352; R. S. 1881, section 349; *Myers* v. *State, ex rel.*, 45 Ind. 160; *Abshire* v. *Corey*, 113 Ind. 484; *Kinsey* v. *State, ex rel.*, 71 Ind. 32.

It is settled law, as asserted by counsel, that parol evidence can not be heard to contradict the terms of a written contract, but here there is no written contract of sale to be contradicted. The warranty was made as a part

of the terms of the sale. The note is not the contract of sale. It is simply an ordinary promissory note which does not, in any way, mention or refer to the sale. The rule of law was not, therefore, in any degree violated by permitting proof of a parol warranty.

In *Booher* v. *Goldsborough*, 44 Ind. 490, a similar pleading is upheld.

We have considered all the objections to this answer and find none of them well taken. This being true, the assignment of error must fail without regard to the sufficiency of the first paragraph.

There being a good answer on file appellant was not entitled to judgment *non obstante veredicto*.

Appellant further urges, under proper assignment of error, his right to a new trial.

We have examined the evidence with considerable care. While it is true that the preponderance of the evidence is probably with the appellant, there is sufficient to sustain the verdict on every material point.

The appellant did, indeed, prove by various witnesses that the cow was gentle and quiet at the time of and before the sale. Others, however, testified that within a few minutes afterwards she was wild, vicious and unmanageable, and so continued from that time forth. The jury had a right to believe these latter witnesses, and if it did believe them it had also the right to infer that the nature and disposition of the animal had not, suddenly and without any apparent cause, become radically and completely changed. Neither did the fact that the cow was of some value necessarily entitle the appellant to judgment.

If the damages exceeded the amount of the note, then appellees were entitled to recover. The measure of the appellees' damage was the difference between the value of the cow as she was and her value had she been as

warranted. *Booher* v. *Goldsborough*, *supra; Blacker* v. *Slown*, 114 Ind. 322.

We are of opinion that the jury was justified in inferring from appellant's conduct the authority of Martin and Patton to make the declarations complained of. Objection is made to the court's permitting appellees to prove an offer to return the cow. The only reason urged here against this ruling is "that there was no such issue in the case."

No such objection was presented to the court on the trial, and it is well settled that this court can consider only those objections which were made known to the trial court. *Fitzpatrick* v. *Papa*, 89 Ind. 17.

Judgment affirmed.

Filed Oct. 30, 1894.