## K. W. Ignition Company *v.* Greenville Metal Products Company.

[No. 9,187.    Filed January 30, 1917.    Rehearing denied April 4, 1917.    Transfer denied January 8, 1918.]

1. Appeal.—*Briefs.—Questions Presented.—Propositions.—Abstract Statements of Law.*—Propositions in appellant's brief containing mere abstract statements of law or fact, and not applied to any particular ruling or action of the court upon either of the causes assigned for new trial, present no question for review. p. 347.

2. Appeal.—*Questions Presented.—Assignment of Error.—Exhibit.* —An assignment of error predicated on the admission in evidence of an exhibit, which sets out neither the exhibit nor the nature of the objection, presents no question for review.   p. 348.

3. Sales.—*Breach of Warranty.—Action.—Complaint.—Theory.*— In an action for damages a complaint, containing general averments that there was a warranty accompanying the sale of goods to plaintiff, a breach of the warranty, describing the character thereof, and that damage resulted therefrom, shows that the theory of the action was recovery for a breach of the warranty, and allegations as to items of damages inconsistent with that theory and not sustained by the evidence do not change the theory of the complaint, but may be disregarded as surplusage.   p. 348.

4. SALES.—*Breach of Warranty.—Instructions as to Use of Goods. —Evidence.—Sufficiency.*—In an action for breach of the warranty, where instruction as to the installation of magnetos sold under a guaranty provided that they were for use on a particular engine and that they should preferably be mounted on either brass or aluminum brackets, but that if iron brackets were used brass bolts should be employed to secure the magnetos, evidence that cast-iron brackets were attached to the engine specified with the seller's knowledge and that steel screws were being used in mounting the magnetos and that, upon discovering that the magnetos would not perform the service as guaranteed, brass screws were substituted for those of steel, but the trouble was not removed, sufficiently shows that the magnetos were installed in compliance with the instructions given by the seller. p. 349.

5. SALES.—*Breach of Warranty.—Seller's Liability.—Resale by Buyer.—Measure of Damages.*—The buyer can maintain an action for a breach of a warranty of magnetos though it has resold them without a warranty for a sum equal to the purchase price and under a contract relieving it of all legal liability for defects therein, and the measure of damages is the difference between the value of the magnetos as they were on the date of sale and their value had they been as warranted. p. 351.

From Marion Superior Court; *W. W. Thornton,* Judge.

Action by the Greenville Metal Products Company against the K-W Ignition Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elam, Fesler, Elam & Young* and *White, Crosser & Curtiss,* for appellant.

*Louis Newberger, Clarence E. Weir, Charles P. Ritter* and *Charles W. Richards,* for appellee.

IBACH, J.—On March 20, 1912, appellant, a corporation of the State of Ohio, entered into a written contract with appellee, a corporation of the State of Pennsylvania, wherein it agreed to furnish appellee its requirement of magnetos for use on automobiles until December 31, 1912. At the time of making the contract and as a part of it, appellant gave its writ-

ten guaranty. Five hundred and two magnetos were furnished, but it is claimed that they did not conform to the guaranty and were worthless. Consequently, this suit was brought to recover damages occasioned by the breach of the guaranty. The Gibson Automobile Company, being indebted to appellant at the time the suit was brought, was made garnishee defendant.

The complaint is in three paragraphs; the first is predicated on the theory of an offer to return the goods and for a recovery of the purchase price paid. The remaining paragraphs are on the theory of a retention of the magnetos and for damages due to a breach of the express guaranty. There was an answer of general denial, also a counterclaim whereby appellant sought to recover the balance of the unpaid purchase price of the magnetos and other materials furnished. The last item was also pleaded as a set-off. The case was tried by the court, with the result that appellant's counterclaim and set-off were allowed, and, after deducting these amounts from the total damages allowed, judgment was awarded appellee for $2,002.29.

A new trial was refused, and this ruling is assigned as error. Appellant's assignment of errors contain ten separate specifications, some of which we are not required to consider because they are not properly presented.

Propositions containing mere abstract statements of law or fact, and not applied to any particular ruling or action of the court upon either of the causes assigned for a new trial, present no question. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460, 78 N. E. 1033; *Weidenhammer* v. *State* (1913), 181 Ind. 349, 350, 103 N. E.

413, 104 N. E. 577; *Schaefer* v. *Keokuk Savings Bank* (1915), 60 Ind. App. 474, 475, 111 N. E. 17.    Furthermore, in the assignment in which complaint is 2. made of the admission in evidence of an exhibit, the exhibit itself is not set out, nor does the nature of the objection appear. No question as to the correctness of such ruling is therefore presented. *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710. In any event its admission was not reversible error.

Appellant contends that the proof does not support the theory of the complaint, and our attention is directed to some specific items of damages 3. alleged to have been suffered by appellee which are not supported by the evidence. The answer to this contention is that the theory of the several paragraphs of the complaint is not fixed by the separate specific averments referred to. Each paragraph, and particularly the second and third, contain the general averments that there was a warranty which accompanied the sale of the magnetos; that there was a breach of the warranty, describing the character of the breach; and, that damage resulted therefrom.

These are the essential averments which we hold determine the theory of each separate paragraph of the complaint to be as hereinbefore disclosed. We may add, also, that the items, which appellant contends control, especially in the first paragraph of the complaint, might be disregarded as being mere surplusage, and still the theory remains apparent from all the other averments.

There is also some contention that the evidence fails to show that appellant's instructions as to the

method of mounting the magnetos were followed. The contract provides:

4.    "Our magnetos are in accordance with the printed guarantee furnished in all our literature."

And in the literature it is provided:

"The Model J. magneto should preferably be mounted on either brass or aluminum bracket. If iron bracket is used brass bolts must be used to secure magnetos to bracket."

The contract further provides:

"Our Model J. magneto, furnished with taper shaft and proper connections, and full set of cables suitable for application to the motor now being made by Golden Belknap & Swartz Company of Detroit, Mich.  *  *  *  "

It thus appears that the magnetos were to be furnished for use on a particular engine. The evidence shows that a contract for the engines to be placed in "Empire" automobiles was made with such company, and that, about the time the contract between the parties to this suit was made, appellant's president visited the Detroit factory and saw that cast-iron brackets were being attached to the engines to support the magnetos, and no objection was made by him at that time. Afterwards, upon discovering that the magnetos would not perform the service as guaranteed, it was observed that steel screws had been used in mounting the magnetos, and it was stated by appellant's representative that brass screws should have been used.

Much correspondence on the subject of mounting passed between the parties. We quote from one of the letters written by appellant, April 12, 1912:

"In connection with this installation, Mr. Williams discovered a matter which was overlooked by the writer when he was in Detroit, viz., that the magnetos are mounted with steel screws. It is customary in order to preserve the magnetism to mount the magnetos on brass or aluminum base and where it is necessary to mount it on a cast-iron base, to use brass screws. Inasmuch as the motor company did not feel that they wished to go to the extra expense, we are going to furnish the brass screws gratis rather than see the installation turned out in anything but a satisfactory manner."

Arrangements were then made whereby appellant furnished brass screws and they were used, but this did not remove the trouble. Other things were suggested and appellee did everything that was suggested by appellant up to that time, but the troubles were not removed. And it was not until after all the magnetos had been delivered that it was suggested that something more than the use of brass screws was necessary to secure proper service from the magnetos. At that time other suggestions were made by appellant's president. They were also followed with no better results. When these reports were furnished to appellant another letter was written to appellee, part of which is as follows:

"In conclusion the writer wishes to say that we mean to stick by you through this matter and see that you get the proper attention and service from us in the ignition and even if we have to replace every magneto which you have."

It seems to us that the evidence conclusively shows that the magnetos were installed in compliance with the instructions given by appellant, and that the

trouble could not have been avoided except by the use of other magnetos than those furnished.

The provisions of the guaranty which have to do with this case are:

> The K-W magneto will start without batteries any auto engine up to 30 H. P. It is a complete ignition system within itself. No coil or timer or batteries of any kind are necessary. Will run the engine at all times under all weather conditions, evenly and smoothly at all speeds. Will produce a spark much hotter and faster than any dry cells, storage battery or other magneto except larger K-W magnetos. This magneto is further guaranteed one year from date of purchase against any defect in workmanship or material and any part proving defective within that time will be replaced free of charge, etc. The magnets on this magneto will retain their magnetism forever unless battery current is run through them or unless they are taken off the magneto.

The evidence conclusively shows that the magnetos when in use upon the automobiles wholly failed to conform to the guaranty and wholly failed to operate the motors in the Empire cars. But appellant contends that the burden was upon appellee not only to prove the warranty and the failure of the magnetos to comply therewith, together with the difference between their value if they had been as warranted, but also to allege and prove, if they were resold, that such resale was coupled with a warranty, or was made under such circumstances as that the second purchaser could compel appellee either to replace the magnetos or refund in money damages on account of their failure to comply with the warranty. And in effect it is contended that the

352     APPELLATE COURT OF INDIANA,

K. W. Ignition Co. *v.* Greenville Metal, etc., Co.—66 Ind. App. 345.

resale price of an article is conclusive evidence of its value as it is, and if such resale price equals or exceeds the contract price the purchaser cannot recover.

Upon this branch of the case the evidence shows the facts substantially as appellant claims. Appellee was to assemble cars for the Empire Motor Car Company. The motor car company was to select the various parts and appellee was not to be held responsible if any of the parts proved to be defective. Appellee was to pay for all of the parts purchased and was repaid by the motor company, and in addition thereto was paid for its own services. In short, the contract was such that appellee was to pay appellant $17.75 for each magneto furnished and was to receive the same amount from the motor car company whether the magneto proved satisfactory or not.

Appellant is now insisting that these facts make it appear that, if the magnetos had in all respects conformed to the warranty, appellee would have paid $17.75 for each of them and would in turn have received a like amount from the motor company and would not have made or lost anything and, since it received from the motor car company the full amount paid for the magnetos without a guaranty and with an express agreement that it would not be held responsible if any of the parts placed in the cars were defective, such testimony conclusively showed that appellee lost nothing on account of the alleged failure of the magnetos to work.

It seems to us that this question, which is the controlling one in this case, is made difficult of solution only when the consideration of the contract involved here is associated with an independent one made

NOVEMBER TERM, 1917. 353

K. W. Ignition Co. *v.* Greenville Metal, etc., Co.—66 Ind. App. 345.

between appellee and the motor car company. The disposition which the purchaser of property makes, either by resale or gift, is wholly independent of the transaction by which he acquired title. As we view the case, this is a controversy between appellee and appellant, in which appellee is seeking to recover damages occasioned by the failure of appellant to deliver what it had agreed to sell. In the determination of such question it is wholly immaterial whether the goods have been resold, or, if resold, whether the resale was with a guaranty or not, for in either event appellant's damage would be the difference between the value of the articles delivered and their value had they been as warranted.

In an early Massachusetts case the Supreme Court, in considering a case very similar to the present, said: "We doubt very much whether this rule of damages would be affected by proof that the article purchased with warranty was bought, as in the case at bar, for the purpose of being delivered to a third party under a previous contract of sale, even if such sale was made by the original vendee without warranty, so that no loss or liability whatever would be incurred by him. The disposition which a purchaser makes of property is an independent and collateral fact, having no connection with the bargain by which he acquired his title. It is difficult to see how it can have any legitimate bearing on the damages which another person ought to pay him for a breach of a wholly distinct and separate contract." *Brown* v. *Bigelow* (1865), 92 Mass. (10 Allen) 242, 244.

The same principle has been announced in the following language: "The proper measure of damages applicable to a case like this (one of warranty of

binder twine) is the difference between the actual value of the property at the time of the sale and what its value would have been if it had conformed to the warranty. * * * And neither the vendee's right of recovery, nor the measure of his damages, is dependent on a resale by him or upon the price obtained at a resale. At most, the price thus obtained may be some, but not conclusive, evidence of the actual value." *Union Selling Co.* v. *Jones* (1904), 128 Fed. 672, 63 C. C. A. 224. In the opinion last quoted, the case of *Muller* v. *Eno* (1856), 14 N. Y. 597, is cited, wherein this language is used: "While, therefore, the sale was very high evidence of value, the law uoes not say it was the only evidence."

The measure of appellee's damages was the difference between the value of the magnetos as they were at date of sale and their value had they been as warranted. *Cline* v. *Myers* (1878), 64 Ind. 304; *Crist* v. *Jacoby* (1894), 10 Ind. App. 688, 38 N. E. 543; *Blacker* v. *Slown* (1888), 114 Ind. 322, 16 N. E. 621. The reports from most of the magnetos furnished—and they were all of the same type—was that they would not operate the cars to which they were attached, and that they had been replaced with others of a different make, so that we have concluded that the evidence, when taken as a whole, justified the inference that all the magnetos were not in accord with the guaranty, and that there was ample evidence to warrant the finding for appellee in the amount adjudged by the trial court.

We hold, therefore, that appellee was entitled to its bargain made with appellant, and it will not do to say that it cannot recover simply because it resold the magnetos for a sum equal to the purchase price and because the circumstances attending the resale

relieved it of all liability if the articles failed to meet the guaranty. If it was not legally bound to reimburse the automobile company, there might be other reasons which would prompt him to do so.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 989. Sales: price as affecting measure of damages for breach of warranty as to quality, 5 L. R. A. (N. S.) 1151; measure of damages for breach of warranty of soundness or quality, 40 Am. Dec. 303. See under (3) 31 Cyc 68; (4) 35 Cyc 464; (5) 35 Cyc 475.