## KREWSON ET AL. *v.* CLOUD.

FRAUD.—*False Representations.—Knowledge.—Frenzel* v. *Miller,* 37 Ind. 1, *Approved.*—The principles of law enunciated in *Frenzel* v. *Miller,* 37 Ind. 1, in reference to the knowledge of a party making representations, alleged to be false and fraudulent, approved, and that case adhered to.

VARIANCE AND AMENDMENT.—*Practice.*—Where the attention of the court below has not been called to a discrepancy between the allegations of a complaint and the proof, the objection cannot be made for the first time in the Supreme Court. And where the discrepancy is, that real estate is described in the complaint as lying in "range 13 *west,*" when the proof shows it to be in "range 13 *east,*" the Supreme Court will regard the pleading as amended.

| | |
|---|---|
| 45 | 273 |
| 127 | 12 |
| 45 | 273 |
| 134 | 586 |
| 45 | 273 |
| 137 | 305 |
| 139 | 287 |
| 45 | 273 |
| 155 | 182 |
| f156 | 205 |
| 45 | 273 |
| 163 | 360 |

From the Dearborn Circuit Court.

*O. B. Liddell,* for appellants.

*F. Adkinson* and *G. M. Roberts,* for appellee.

BUSKIRK, J.—The appellee sought by this action to recover of the appellants damages alleged to have been occasioned by the false and fraudulent representations of the appellants in respect to the location, quality, and value of a tract of land in Greene county, Illinois, by them exchanged to and with the appellee for a farm owned by him in Dearborn county, Indiana.

The trial resulted in a verdict and judgment for the appellee. The errors assigned are the overruling of the demurrer to the second paragraph of the complaint and a motion for a new trial. The objection urged against the second paragraph of the complaint is, that it is not alleged that the appellants at the time the representations were made knew that they were false in fact. The same question arises on the sufficiency of the evidence, the instructions given, and those refused. The second paragraph of the complaint and the instructions given are in exact accord with the principles of law enunciated by this court in *Frenzel* v. *Miller,* 37 Ind. 1. It would be a useless waste of time to attempt to re-state and re-examine the questions so fully considered in that case. We are entirely satisfied with such ruling, and have adhered to

VOL. XLV.—18

it in several subsequent cases. In our opinion, the second paragraph of the complaint was good, and the instructions given were correct, and those refused were incorrect.

It is claimed by counsel for appellants that the damages assessed are excessive. We are of a different opinion. We have read all the evidence and are of opinion that the appellants should be content with the amount of the recovery, as the evidence would have justified a verdict for a much larger sum than was found by the jury.

Finally, it is insisted that there must be a reversal of the judgment for a failure of proof. The point relied upon is this: In the complaint, the land in Illinois is described as the north-west quarter of section 15, township 12, north of range 13 west, while in the deeds and depositions it is described as the north-west quarter of section 15, township 12, north of range 13 east. The deeds and depositions were read without objection. The appellee and all the appellants were examined as witnesses on the trial of the cause, and no question was made in reference to the identity of the land conveyed by the appellants to the appellee. Besides, the appellants did not, in their motion for a new trial, call the attention of the court below to the discrepancy in the description of the land. The objection cannot be raised for the first time in this court. The amendment might have been made upon trial, and we will presume it was so made.

We have discovered no error in the record of which the appellants have a right to complain.

The judgment is affirmed, with costs.