Filed June 17, 1884.

---

No. 10,962.

ROLLER v. BLAIR ET AL.

96   203
136  204
96   203
148  235

MARRIED WOMAN.—*Parties.—Husband and Wife.*—A husband may unite with his wife in a suit concerning her separate property, and no averment of his interest other than the marital relation is necessary in the complaint.

SAME.—*Fraud.—Complaint.*—In a suit by husband and wife for fraud upon the wife, affecting her separate property, it is not necessary to aver that the husband was deceived; and where by false representations she is put off her guard, so that she does not use ordinary prudence to ascer-

tain the facts by examining a public record of a distant county, an action will lie if the purpose of the defendant was fraudulent, and he professed to know the facts, though he did not.

From the Miami Circuit Court.

*E. T. Reasoner* and *R. J. Loveland,* for appellant.

*J. L. Farrar, J. Farrar* and *W. C. Farrar,* for appellees.

ELLIOTT, C. J.—The complaint in this case alleges that the appellees, plaintiffs below, are husband and wife; that the wife, Elizabeth, was one of the children and heirs of Jacob Harter, deceased, who died in Miami county, Indiana, the owner of valuable real and personal property; that the value of his property, over and above all indebtedness, was $3,119.16, and to one-third of that sum Elizabeth was entitled; that long before the date of the death of her father she had resided in Wells county, Indiana; that on the 29th day of May, 1879, the appellant came to her house for the purpose of buying her interest in the estate of her father, and to induce her to sell it to him at a price far below its value, he falsely represented that the estate was insolvent, and that she would get nothing from it; that he held a mortgage for $1,800 against the land, and that it and other encumbrances would exhaust all the land. It is further alleged that the appellee, knowing nothing of the condition of her father's estate, trusted to the appellant, and relying upon his representation, sold him her interest therein. The falsity of the representations is shown by proper averments, and there are proper allegations of injury.

A husband may unite with his wife in an action concerning her separate property and estate. Where the complaint shows the existence of the marital relation, it is not necessary to make a further statement of the husband's interest in the subject-matter of the action.

The complaint avers, and the demurrer admits, that the property described in the complaint belonged to the wife, and as it was obtained from her by fraud the legal injury was to

Roller *v.* Blair *et al.*

her, and she, therefore, has a cause of action. The person who sustains an injury from the fraud of another is the person entitled to sue.

Where fraudulent representations are alleged to have been made to the wife, and are shown to have deceived her, it is not necessary to go further and show that they also deceived the husband. A cause of action is shown when it is made to appear that the wife was deceived and defrauded, and the wrong-doer can not escape the consequences of his fraud by asserting that he did not also deceive and overreach the husband.

It is true that parties dealing with each other, in cases where there are no fiduciary relations or relations of trust and confidence, are bound to the exercise of reasonable diligence and prudence, but, ordinarily, this rule will not shield one who falsely represents a fact as known to him to exist, and by means of the false statement prevents an examination of a public record. Certainly, the general rule can not apply to a case like this, where the record was many miles from the place where the representations were made.

Where a party professing to have knowledge falsely represents a thing to exist, and makes the representation for the purpose of securing an undue advantage over the person with whom he is contracting, he is guilty of fraud, although it may not appear that he knew that his statement was false. If the representation is made for a fraudulent purpose, and it induces another to act to his injury, the person by whom it was made can not escape liability on the ground that he did not know that his representation was untrue. *Bethell* v. *Bethell*, 92 Ind. 318; *Frenzel* v. *Miller*, 37 Ind. 1 (10 Am. R. 62).

A motion for a *venire de novo* does not search the record. We can not disturb the verdict upon the evidence.

Judgment affirmed.

Filed June 6, 1884.