# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1884, IN THE SIXTY-
NINTH YEAR OF THE STATE.

---

No. 11,237.

### WEST v. WRIGHT.

PRACTICE.—*Demurrer.*—*Exceptions.*—Where a demurrer is sustained to a
pleading, and leave given to amend, a party may withdraw such leave
and except to the ruling on the demurrer, even at a subsequent term, if
done before filing an amended pleading.

PLEADING.—*Fraudulent Representations.*—It is not sufficient in pleading to
simply characterize a transaction as fraudulent; the facts making it such
must be stated. The word *fraudulently*, however, is properly used to charac-
terize the action of the party making the representations, as *mala fide.*

SAME.—A complaint charging that the defendant knowingly, falsely, and
fraudulently made representations, charges that he knew them to be false.

FRAUD.—*Executor.*—*Sale of Decedent's Lands.*—*False Representations.*—The
executor, and not the estate he represents, is liable for his fraud in the
sale of land of the estate.

SAME.—*Knowledge.*—*Encumbrances.*—An executor, who, professing to have
full knowledge of the facts, with intent to defraud in the sale of the de-
cedent's land, represents that there is no encumbrance thereon, and
thereby deceives the purchaser, is personally liable for the damages occa-
sioned, although he did not know that the representations were false.

SAME.—*Negligence of Vendee.*—Such vendee has a right to rely on such
representations, and is not negligent in not examining the records to
discover the condition of the title.

SCHOOL FUND MORTGAGE.—*Lien.*—A school fund mortgage is a lien upon
land as to subsequent purchasers, without being recorded.

From the Grant Circuit Court.

(335)

*A. Steele, R. T. St. John, R. G. Steele* and *J. W. R. Milli-ner,* for appellant.

*I. VanDevanter, J. W. Lacey, W. VanDevanter, R. B. Duncan, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellee.

ZOLLARS, C. J.—Appellant instituted this action to recover damages which he claims to have suffered by the fraud of appellee, in the purchase of a tract of land in Henry county from him as executor of the will of a deceased owner.

Following the allegations of the sale, the description of the land, the payment of the full amount of the purchase-money, which was equal to the value of the land, the complaint proceeds as follows:

"That said defendant, at the time of said purchase of said lands, knowingly, falsely and fraudulently represented to said plaintiff that said lands were clear of all encumbrances whatever; that there was not a debt against said lands, and further stated at said time to said plaintiff, that if anything should come up against said lands, he would stand responsible for said indebtedness, whatever it might be; and thereby induced said plaintiff, by reason of his false and fraudulent representations, to purchase said lands of said defendant as aforesaid, without first examining the records of said county as to said lands; that at the time said plaintiff purchased said lands he lived in Wayne county, Indiana, and still lives in said county and State, a distance of twenty miles from said lands; that he relied wholly on said defendant's representations as to said lands; that he had always supposed said lands were clear of all encumbrances, as represented by said defendant to said plaintiff, until the auditor of Henry county, Indiana, advertised said lands for sale; that said plaintiff did not know that there was any encumbrance on said lands until after he had fully paid the price agreed upon for said lands, and the auditor of said county advertised said lands for sale on a school fund mortgage on said lands, which is filed herewith, made a part hereof, and marked 'Exhibit A'; that at the

West *v.* Wright.

time said plaintiff purchased said lands of said defendant, the said school fund mortgage was on said lands, and had been on said lands since the 16th day of January, 1865; that said mortgage, interest and costs was four hundred and forty-four dollars ($444); that it was due and unpaid; that said plaintiff was compelled to pay, and did pay, said mortgage, interest and costs, or suffer said lands to be sold therefor."

There was a second paragraph of complaint, which we need not here set out. A demurrer was sustained to each paragraph, and appellant excepted. After he had taken his exception, leave was given to amend the complaint, and the case was continued.

The record does not disclose whether or not this leave was given at the request of appellant The record shows the following entry at a subsequent term:

" Come now the parties by counsel, and the plaintiff now withdraws his leave to amend his complaint and excepts to the ruling of the court upon the demurrer to the complaint, and plaintiff refusing to plead further, judgment is rendered against him on the demurrer," etc.

From this judgment appellant appeals, and assigns as error the sustaining of the demurrer. Appellant contends that the leave to amend was a waiver of the exception to the ruling of the court upon the demurrer, and that the attempted exception at the subsequent term was too late to save any question. Had appellant filed an amended complaint, that would have been a waiver of the exception to the ruling upon the demurrer, but we think that it would be going too far to hold that the simple leave to amend, whether voluntarily given by the court, or at the request of appellant, was a waiver of such exception.

The case of *Hurd* v. *Smith*, 5 Col. 233, cited by counsel, is not authority here, because, in that case, the leave to amend was not withdrawn.

Appellant's attorneys, assuming that the facts stated in the

complaint make an actionable case of fraud, devote their entire argument to combating the proposition that appellee is absolved from liability for his fraud, because, in selling the land, he was acting as executor. This line of argument affords reasonable grounds for inferring that the court below sustained the demurrer on the ground which counsel thus combat. We know of no reason why appellee should be absolved from liability for his own positive fraud because he sold the land as executor.

In this fraud, he, in no wise, represented the estate. There was nothing in the relation which he bore to the estate which would justify such action, or make the estate liable. It seems clear to us, that so far as shown by the complaint, no liability on the part of the estate was created by this fraud. If appellant may not recover from appellee the damages he has suffered by his fraud, he is remediless. We do not think that this is or should be held to be a case of "*damnum absque injuria.*" Appellee does not challenge the complaint on this ground, but contends that it is otherwise insufficient. His contention is, in substance:

*First.* That the facts constituting the fraud are not set out.

*Second.* That the averments do not show that appellee knew that the representations were false.

*Third.* That the averments as to the school fund mortgage amounted only to a conclusion of law, and hence do not show that the mortgage was an encumbrance upon the land when it was conveyed to appellant.

*Fourth.* That there is no averment that the school fund mortgage was recorded.

The complaint is not as formal and specific as it might have been, but we think that it is sufficient under our code, which requires only "A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Section 338, R. S. 1881.

The rules of pleading in this State require that the facts, and not conclusions, shall be stated, and hence it is not sufficient to simply characterize a transaction as fraudulent. It does not follow from this, however, that the word "fraudulently" has no proper place in a pleading. As used in the complaint under examination, it is as appropriate as the word "knowingly" or "falsely." It is here used not as an adjective, to characterize the transaction, but as an adverb, to characterize the action of appellee in making the representation, as *mala fide*. As here used, it is equivalent to a charge that the representations were made with intent to deceive.

We think that the complaint charges appellee with knowledge of the falsity of his representations. The primary definition of *knowingly* is "with knowledge."

If appellee made the representations with knowledge of the facts about which he was speaking, and they were false as charged, he had knowledge of that fact.

It must not be understood that we mean to hold, or intimate here, however, that it is necessary that he should have known the representations to be false. He professed to possess full knowledge of the facts, and, as charged in the complaint, asseverated those facts with the intent and purpose of deceiving and defrauding appellant, and succeeded in the accomplishment of that purpose. Having accomplished that purpose, he is not in a condition to say that he did not know that the representations were false. *Frenzel* v. *Miller*, 37 Ind. 1 (10 Am. R. 62), and cases there cited and reviewed; *Booher* v. *Goldsborough*, 44 Ind. 490; *Krewson* v. *Cloud*, 45 Ind. 273; *Brooks* v. *Riding*, 46 Ind. 15; *Bethell* v. *Bethell*, 92 Ind. 318. See, also, Moak's Underhill Torts, pp. 547, 551; Cooley Torts, pp. 474, 501; 3 Wait Actions and Def., pp. 436, 452–3, and cases cited.

The statement as to the school mortgage having been an encumbrance on the land at the time of the purchase from appellee is not very definite or certain, but this affords no ground of demurrer. The proper mode of reaching this de-

fect was by a motion to have the complaint made more certain and specific. It was not necessary to allege that the school mortgage was recorded, as the law does not require such a mortgage to be recorded to become a lien upon the land as to subsequent purchasers. *Deming* v. *State, ex rel.*, 23 Ind. 416.

We can not say that appellant's examination of the records, had he not been turned aside from such examination by the representations of appellee, would have been confined to the mortgage records; and having been thus instrumental in preventing an investigation and examination by appellant, appellee does not occupy a favorable position to insist that appellant would not have discovered the mortgage had he gone to Henry county and made an examination for the purpose of discovering the condition of the title to the land. That the representations, as alleged to have been made, are actionable, and that appellant had a right to rely upon them,we think clear.

In the case of *Bristol* v. *Braidwood*, 28 Mich. 191, which involved a similar question, the court said : ". It may * * be admitted that if the defendant, for the purpose of obtaining the plaintiff's property for the mortgage, asserted to him, as a fact of which he professed to have knowledge, that there was no prior mortgage upon the land, when he knew, or had good reason to believe the contrary, or no good reason to believe his assertion to be true, he would be liable as for a fraudulent representation, and the plaintiff might have rescinded the contract and reclaimed his property. * * *

" I can not, however, assent to extend the maxim *caveat emptor* so far as to hold * * that where a vendor of real estate, for the fraudulent purpose of effecting a sale, makes a positive representation of particular facts respecting the title, which he knows, or has good reason to believe to be false, and which turn out to be false in fact, but which, if true, would make the title good, he can not be held liable in an action for the fraud, or the vendee can have no right to rescind, because he had it in his power to ascertain from the records the truth or falsehood of the representation and the

true state of the title, but has neglected to do so, in reliance upon the truth of the vendor's representation of the facts. There may be good, prudential reasons why, when I am selling you a piece of land, or a mortgage, you should not rely upon my statement of the facts of the title, but if I have made that statement for the fraudulent purpose of inducing you to purchase, and you have in good faith made the purchase in reliance upon its truth, instead of making the examination for yourself, it does not lie with me to say to you, 'It is true that I lied to you, and for the purpose of defrauding you, but you were guilty of negligence, of want of ordinary care, in believing that I told the truth; and because you trusted to my word, when you ought to have suspected me of falsehood, I am entitled to the fruits of my falsehood and cunning, and you are without remedy.'" See, also, *Dodge* v. *Pope,* 93 Ind. 480; *Campbell* v. *Frankem,* 65 Ind. 591.

It follows from what we have said, that the court below should have overruled the demurrer to the first paragraph of the complaint, and that in sustaining it it was in error. The second paragraph is deficient in statement. The pleader seems to have had reference to the first paragraph, and taken for granted what was in no way alleged. The demurrer to this paragraph was correctly sustained. The judgment is reversed with costs, with instructions to the court below to overrule the demurrer to the first paragraph of the complaint.

