Furnas *v.* Friday.

No. 11,586.

## FURNAS *v.* FRIDAY.

FRAUD.—*Scienter.*—*Pleading.*—It is not necessary to aver in a complaint to recover for damages resulting from a fraudulent representation, that it was known to be untrue by the person by whom it was made.

SAME.—Where there is an honest purpose, and no intention or attempt to deceive, nor any reckless statement, there is no legal fraud, although the statement may not be true; and a complaint which merely shows that a statement was made which was not true is insufficient on demurrer.

From the Porter Circuit Court.

*A. L. Jones, F. P. Jones* and *J. W. Rose,* for appellant.
*W. Johnston,* for appellee.

ELLIOTT, J.—The third paragraph of the appellee's complaint, omitting the formal parts, reads thus: " The plaintiff was desirous of purchasing and stocking his farm with a number of good, healthy, sound sheep, in addition to the flock he then owned and had on said farm, and the defendant, hearing of plaintiff's desire to so purchase sheep, represented and stated to him that he, the defendant, had a flock of good, healthy, sound sheep, free from disease of all kind, and caused plaintiff to look at said sheep, which then appeared sound and free from disease, and the defendant repeated his representation that the sheep were sound and free from disease, and the plaintiff, acting and relying on the representations of the defendant, as the defendant well knew, bought the sheep for the price of three hundred and twenty-five dollars, and took them to his farm, and so relying on said representations, placed sheep so bought by him in the field with his flock of sound and healthy sheep; that the sheep so purchased of the defendant were not sound or healthy, but were infected with a fatal and contagious disease, known as the scab."

The modern doctrine is that fraud may exist without knowledge of the untruth of the representations made to induce a party to enter into a contract. The text-writers fully approve

the doctrine, and it has found favor in this court.   *West* v. *Wright*, 98 Ind. 335; *Roller* v. *Blair*, 96 Ind. 203; *Bethell* v. *Bethell*, 92 Ind. 318; *Brooks* v. *Riding*, 46 Ind. 15; *Krewson* v. *Cloud*, 45 Ind. 273; *Booher* v. *Goldsborough*, 44 Ind. 490; *Frenzel* v. *Miller*, 37 Ind. 1; S. C., 10 Am. R. 62. The third paragraph of the complaint is, therefore, not bad, for the reason that it does not aver that the defendant knew the representations made by him were untrue.

Although it is true that a complaint seeking a recovery for injuries arising from misrepresentations need not allege that the defendant knew that his representations were false, it is necessary that it should state facts showing that they were fraudulent. Representations made for an honest purpose, and with fair reason for believing them to be true, can not be deemed to constitute fraud, although it may turn out that they were not true.   It is clear that the paragraph before us does not charge fraud, for it does not aver that there was any purpose to defraud, nor that there was any reckless misstatement. On the contrary, the fair conclusion from the facts stated is, that the appellant acted honestly, stated what he believed to be true, and gave the plaintiff a full opportunity to examine the sheep for himself.   If the complaint had shown that the defendant professed to be an expert, and that he induced the plaintiff to rely upon his superior judgment or skill, or if it had shown that the defendant made the representations for a fraudulent purpose, or had recklessly made them, a very different case would have been presented.   Where there is an honest purpose, and neither recklessness nor carelessness, there can be no fraud, for fraud involves moral turpitude, and where there is neither a dishonest purpose nor recklessness, there can be no moral wrong.  *Watson Coal, etc., Co.* v. *Casteel*, 68 Ind. 476.

The fourth paragraph of the complaint is substantially the same as the third, and must be held bad for the same reason that the latter paragraph is condemned.

Judgment reversed.

Filed May 25, 1885.