Kirkpatrick *v.* Reeves *et al.*

No. 13,944.

KIRKPATRICK *v.* REEVES ET AL.

VERDICT.—*Answers to Interrogatories.*— *When General Verdict will Stand.*— No intendments can be made in aid of the answers to interrogatories, nor will they defeat the general verdict if they are contradictory in themselves. The general verdict must stand, unless the facts found in answer to interrogatories are utterly destructive of it. The facts stated are only to be considered, and no attention is to be paid to items of evidence improperly thrust into the answers to interrogatories.

FRAUDULENT REPRESENTATIONS.—*Fraudulent Purpose.— When will be Imputed.*—An unqualified statement that a fact exists, made for the purpose of inducing another to act upon it implies that the person who makes it knows it to exist, and speaks from his own knowledge. He can not escape liability upon the ground that he acted upon trustworthy information. If the fact does not exist, and he states of his own knowledge that it does, and induces another to act upon his statement, the law will impute to him a fraudulent purpose. The mere fact, however, that a statement is untrue will not warrant the conclusion that there was fraud.

From the Montgomery Circuit Court.

*C. Johnston, W. H. Johnston, P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*G. W. Paul, M. D. White, J. E. Humphries, W. M. Reeves, W. E. Humphrey* and *E. Harris,* for appellees.

ELLIOTT, C. J.—The appellee's complaint charges that the appellant induced him to buy a jackass by false and fraudulent representations, and on the issue joined the jury returned a general verdict in favor of the appellee. This verdict must control, unless the facts found in answer to interrogatories are utterly destructive of it. *Grand Rapids, etc., R. R. Co.* v. *Ellison,* 117 Ind. 234; *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460, and cases cited. No intendments can be made in aid of the answers to interrogatories, nor will they defeat the general verdict if they are contradictory in themselves. *Redelsheimer* v. *Miller,* 107 Ind. 485; *Rice* v.

*Manford*, 110 Ind. 596; *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259.

As the general verdict finds that false and fraudulent representations were made by the defendant, and acted upon by the plaintiff, the judgment must stand, unless it can be adjudged that the answers to the interrogatories, taken as an entirety, show that there was no fraud. *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100; *Wabash, etc., R. W. Co.* v. *Savage*, 110 Ind. 156; *Smith* v. *Heller*, 119 Ind. 212. We can not, as a matter of inference, conclude from mere evidentiary matters that there were no fraudulent representations; for we can not act upon mere statements of evidence, as such statements are out of place in answers to interrogatories as well as in a special verdict. We can only consider the facts, and facts are more than the evidence, for they are the ultimate conclusions established by the evidence. *Phelps* v. *Smith*, 116 Ind. 387; *Bartholomew* v. *Pierson*, 112 Ind. 430; *Stix* v. *Sadler*, 109 Ind. 254; *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Dixon* v. *Duke*, 85 Ind. 434. Courts must act upon the facts stated, and not upon items of evidence improperly thrust into a special verdict or answers to special interrogatories. *Louisville, etc., R. W. Co.* v. *Cauley*, 119 Ind. 142.

The facts found by the jury do not warrant the conclusion, as against the general verdict, that no false and fraudulent representations were made by the appellant. It clearly appears that his statements were untrue, and, therefore, the only question is, were they fraudulent? and unless the facts found effectually and irreconcilably antagonize the general verdict, we must hold that the statements were fraudulently made. They were made to induce the plaintiff to buy the animal; they were relied upon, and the defendant professed to possess knowledge of their truth. Under these circumstances it can not be asserted, in view of the conclusion embodied in the general verdict, that the representations were not fraudulent

although the defendant believed them to be true.    A belief in the truth of a statement does not always clear the person who makes it of a fraudulent purpose or relieve him from liability.  The law upon this subject was thus stated in *Litchfield* v. *Hutchinson*, 117 Mass. 197 :  " But it is not always necessary to prove that the defendant knew that the facts stated by him were false.    If he states, as of his own knowledge, material facts susceptible of knowledge, which are false, it is a fraud which renders him liable to the party who relies upon the statement as true, and  it is no defence that he believed the facts to be true."    This  is  the  rule  declared  by our  own  cases.    *Slauter* v. *Favorite*, 107 Ind. 291 (299) ; *Furnas* v. *Friday*, 102 Ind. 129 ;    *West* v. *Wright*, 98 Ind. 335 ; *Roller* v. *Blair*, 96 Ind. 203 ;  *Bethell* v. *Bethell*, 92 Ind. 318;  *Brooks* v. *Riding*, 46  Ind. 15 ;  *Krewson* v. *Cloud*, 45 Ind. 273 ; *Booher* v. *Goldsborough*, 44  Ind. 490 ; *Frenzel* v. *Miller*, 37 Ind. 1.    This  doctrine  is  held  by  many  other courts.    8 Am. and Eng. Encyc. Law, 642.

A defendant who makes a statement of his own knowledge can not escape liability upon the ground that he acted upon trustworthy information.    An unqualified statement that a fact exists, made for the purpose of inducing another to act upon it, implies that the person who makes it knows it to exist, and speaks from his own knowledge.    If the fact does not exist, and the defendant states of his own knowledge that it does, and induces another to act upon his statement, the law will impute to him a fraudulent purpose.  *Fisher* v. *Mellen*, 103 Mass. 503 ;  *Brownlie* v.  *Campbell*, 5 App. Cases, 925 ; *Slim* v. *Croucher*, 1 De G. F. & J. 518 ; *Bullis* v. *Noble*, 36 Iowa, 618 ;  *Raley* v. *Williams*, 73 Mo. 310 ;    *Oregonian R. W. Co.* v. *Oregon, etc.*, 10 Sawyer, 464 ; *Cragie* v. *White*, 99 N. Y. 131.    On the facts found we must hold that there was a fraudulent purpose, for we can not make any inferences or intendments for the purpose of overthrowing the general verdict.

The mere fact that a statement is untrue will not warrant

the conclusion that there was fraud.   *Furnas* v. *Friday, supra.*   But in this instance, taking all of the answers of the jury into consideration, and giving due weight to the general verdict, we must hold that there was much more than an untruthful representation.

The verdict can not be disturbed upon the evidence.

Judgment affirmed.

Filed Oct. 10, 1889; petition for a rehearing overruled Dec. 18, 1889.