## SUFFICIENCY OF ALLEGATIONS CHARGING THE RECEIVING OF STOLEN GOODS.

Circuit Court of Lucas County.

HARRY ROSENBLOOM v. STATE OF OHIO.

Decided, November, 1908.

*Criminal Law—Receiving Stolen Goods—Intent to Defraud—Sufficiency of Indictment—General Demurrer.*

1. In a criminal case a general demurrer under Section 7251, Revised Statutes, raises the question of whether intent has been alleged, and proof of it is necessary to make out the offense charged.

2. In an indictment under Section 6958, Revised Statutes, for receiving stolen goods, an intent to defraud is sufficiently alleged by the use of the words "unlawfully and fraudulently."

MARVIN, J.; WINCH, J., and WILDMAN, J., concur.

The only question in this case is whether an indictment seeking to charge the offense of receiving stolen goods, under Section 6858, Revised Statutes, is sufficient, if it has all of the formal particulars properly stated, together with the following words:

"That Harry Rosenbloom, late of the county aforesaid, on the 8th day of February, 1907, at the county aforesaid, unlawfully and fraudulently did receive 80 pairs of Pingree shoes, of the value of $160 of the personal property of the Michigan Central Railroad Company, a corporation, then lately stolen, he, the said Harry Rosenbloom then and there well knowing said personal property to have been stolen, as aforesaid, and so the jurors aforesaid, upon their oath aforesaid, do say that the said Harry Rosenbloom then and there, in manner and form aforesaid, unlawfully did steal, take and carry away the said personal property," etc.

The sufficiency was challenged in the court of common pleas by a demurrer, specifying not only that the facts stated in the indictment do not constitute an offense, but also that an allegation is not made that the act done was with intent to defraud.

It is conceded on the part of the plaintiff in error that such indictment is good as against a general demurrer, and this is on the authority of *Whiting* v. *State,* 48 O. S., 220, where the exact question was raised. In that case it is said, in the third clause of the syllabus:

"It is an established rule of pleading that facts, and not conclusions of law, should be pleaded. Therefore, an indictment under Section 6858, Revised Statutes, which charges that the accused did unlawfully and fraudulently receive certain personal property—describing it and giving its value and ownership—knowing the same to have been stolen, sufficiently charges an offense under that section, without an averment as to the character of the offense he is thereby deemed to have committed."

But, it is said, that the attention of the court was not challenged, in that case, to the failure to charge "intent" and that since Section 7251 of the Revised Statutes provides that, "The accused may demur when the facts stated in the indictment do not constitute an offense punishable by the laws of this state, or when the intent is not alleged, and proof of the intent is necessary to make out the offense charged," therefore the failure to charge intent is a ground of demurrer separate from the general demurrer, that the indictment does not charge facts sufficient to constitute an offense.

It must be conceded that unless this contention be sound, there is some tautology in the language of the statute, and yet we are of opinion that the entire question is raised by the general demurrer.

Where intent is an ingredient of the offense, such intent is a *fact* to be charged. Offenses are only charged by allegations of fact and so if intent is a necessary ingredient of the offense, it is a *fact* necessary to be stated in the indictment. We think, therefore, that the question was distinctly raised in the case of *Whiting* v. *State, supra,* and that under the authority of that case, the indictment here was sufficient, and we might well rest our opinion upon this case alone.

In view, however, of the very able and carefully prepared argument on the part of the plaintiff in error, in which attention is called to other cases, we feel it proper to say something in addition to what has already been said.

Our attention is called to the case of *Drake* v. *State,* 19 O. S., 211, in which it is said, in the opinion:

"To constitute the crime of forgery, or of uttering or publishing as true, and genuine, etc., as defined by the statute, the criminal act must be done 'with *intent* to prejudice, damage or defraud some person or persons, body corporate or politic, or a military body organized under the laws of this state.' This *intent* is an essential ingredient of the crime, and must therefore be stated, and charged in the body of the indictment, in a *direct* and *positive* manner."

And the court goes on to say, in that case it is not thus charged. It will be noticed, however, that the statute under which that prosecution was had, expressly provides that the act must be done with *intent to prejudice,* etc., whereas, the statute under which the indictment in the case now under consideration was framed, does not use these words. However, the fact is urged, and with good reason, that the party charged would not be guilty of a crime unless what he did was done with intent to defraud somebody, and it is urged that therefore, proof of intent is necessary to a conviction, and that such proof could only be required where the *intent* is one of the ingredients of the crime, necessary to be set out in the indictment. It may

be questioned, though it is not here necessary to decide, whether an intent to defraud is an element which must be proved in order to secure a conviction under this section, or whether want of intent, if there was want of intent, would not be matter of defense, after the fact of the receiving of the stolen goods, knowing them to have been stolen, had been established. But, however that may be, we think this indictment sufficiently charges a criminal intent in the use of the words ''unlawfully and fraudulently.''

It is true that these words may be used in such sense as not to imply *criminal intent,* but when used in the criminal law, the word ''fraudulently'' has been held to carry with it the intent of the party charged to have fraudulently done a particular thing.

In the case of *Bank of Montreal* v. *Thayer,* 7 Fed. Rep., 622, 625, it is said:

''Fraudulently,'' as used in an allegation that a person wrongfully, fraudulently, and falsely certified and represented certain things, ''should be given the meaning which the law gives it, and which attaches to it in common usage, to-wit, a deliberately planned purpose and intent to deceive, and thereby be given an unlawful advantage. It necessarily includes the idea of a fraudulent intent.''

In the case of *West* v. *Wright,* 98 Ind., 335, 339, it is said:

''An allegation in a complaint as follows, 'That said defendant at the time of said purchase of said lands knowingly, falsely, and fraudulently represented to said plaintiff that said lands were clear of all incumbrances,' is equivalent to a charge that the representations were made with intent to deceive.''

We reach the conclusion in this case that the word ''fraudulently'' as used in the indictment, sufficiently charged that the intent of the party accused was to defraud although the word is often used in civil proceedings, and especially in equitable proceedings, in a sense not necessarily imputing a wrongful intent.

Surely, in view of the provisions of Section 7215 and the recognized forms of indictments used in this state and the de-

cision of the case of *Whiting* v. *State,* this court would not be
justified in holding that the demurrer to the indictment should
have been sustained, and the judgment of the court of common
pleas is therefore affirmed.