# NEW v. JACKSON.

[No. 6,957.   Filed June 6, 1911.   Rehearing denied November 16, 1911.   Transfer denied April 4, 1912.]

1. APPEAL.—*Briefs.*—*Attacking Sufficiency of Complaint.*—Where there is no assignment of error which presents the question of the sufficiency of a complaint, attacking its sufficiency in appellant's brief is of no avail. p. 123.

2. APPEAL.—*Presenting Question of Erroneous Instructions.*—*Briefs.*—Only such instructions as are pointed out as objectionable in the points and authorities in appellant's brief will be considered on appeal. p. 123.

3. TRIAL.—*Instructions.*—*Fraudulent Representations.*—*Elements Omitted.*—*Omissions Covered by Other Instructions.*—In an action for damages for fraud perpetrated in an exchange of property, no error was committed in giving an instruction not purporting to include all the principles of law that enter into fraudulent representations, but which was in accord with such principles in so far as it made the attempt to include them, nor in giving instructions which simply undertook to define the character of the misrepresentation that constitutes fraud, without attempting to include all the elements necessary to a recovery, but in each of which the principles declared were correct, where other instructions were given which correctly covered all omissions complained of and on which appellant was entitled to have an instruction. p. 123.

4. FRAUD.—*Elements.*—*Knowledge That Representations Are False.*—*Instructions.*—It is not a necessary element of fraud that one making representations has knowledge that they are false, and, in an action to recover damages for fraud perpetrated in exchange of property, instructions which told the jury that before plaintiff was entitled to recover he must show that the representations charged were made for the fraudulent purpose of inducing plaintiff to make the trade in question, were not errone-

ous for failure to include that plaintiff must show that defendant knew the representations to be false. p. 124.

5. APPEAL.—*Brief.—Statement That Instruction is "Fatally Erroneous".—Objection Not Available.*—Where the only ground of objection to an instruction stated by appellant in his points and authorities is that it was "fatally erroneous," the objection is too indefinite and uncertain and therefore not available. p. 127.

6. FRAUDULENT REPRESENTATIONS.—*Fraud in Exchange of Property.—Action for Damages.—Instructions.—Instruction Embodying Complaint.—Objection That Complaint Omits a Material Allegation.*—In an action for damages for fraud perpetrated in an exchange of property, where an instruction given by the court contained the allegations of the complaint set out in detail, and told the jury that the complaint and the general denial formed the issue it was to try, and was followed by a further instruction that under the issue thus formed the plaintiff was required to prove all of the material averments of the complaint by a fair preponderance of the evidence, and where such complaint alleged in detail the representations made by defendants as to the quality, character, productivity and value of the farm and other property which defendant traded to plaintiff, and alleged that defendant referred plaintiff to persons whom he had procured to make the same representations, all of which representations were false and upon all of which plaintiff relied, such, instructions were not open to the objection that, as to the value of the property at the time defendant traded same to plaintiff, the complaint contained no averment the proof of which would entitle plaintiff to recover. p. 127.

7. FRAUD.—*Fraudulent Representations as to Value of Property.—Effect.*—Where a vendor knows that a vendee is wholly ignorant of the value of the property and is relying upon the vendor's representation as to its value, and such representation is made, not as a mere expression of opinion, but as a statement of fact known by the vendor to be untrue, such a statement is a representation by which the vendor is bound. p. 129.

8. FRAUD.—*Fraudulent Representations.—Opinion.—Statement of Fact.—Question for Jury.*—In an action to recover for fraudulent representations made in an exchange of property, it was for the jury to determine under proper instructions, whether the representations made as to the value of the property were merely the expressions of an opinion or affirmation of facts to be relied upon. p. 129.

9. APPEAL.—*Trial.—Misconduct.—Presumptions as to Regularity.*—Where alleged error is presented relating to the misconduct of the jury, and it appears from the record that such misconduct occurred after the jury had retired to consider their verdict,

and that on being advised of the same the court called the jury into the court room and instructed it as to such misconduct, it will be presumed, in the absence of a showing to the contrary, that the proceedings of the trial court were regular and that both parties to the action were present either in person or by some of their attorneys when such action was taken. p. 130.

10. APPEAL.—*Trial.*—*Misconduct of Jury.*—*Record.*—To make objections to the misconduct of the jury available, the record must show that neither appellant nor his counsel had knowledge of the alleged misconduct before the jury returned its verdict; or, in case they had such knowledge, a sufficient excuse for their failure to interpose seasonable objections to such misconduct must be shown. p. 131.

11. TRIAL.—*Misconduct of Jury.*—*Knowledge.*—*Waiver.*—Where appellant knew of the misconduct of the jury in time to present a motion to withdraw the submission of the cause to the jury, but failed to do so, he cannot thereafter, on account of such misconduct, avoid the effect of a verdict against him. p. 131.

12. APPEAL.—*Review.*—*Verdict.*—*Sufficiency of Evidence.*—Where there was evidence supporting the verdict on all questions material and necessary to a recovery by appellee, the verdict will not be disturbed on the question of the sufficiency of the evidence. p. 132.

From Henry Circuit Court; *Ed. Jackson,* Judge.

Action by Thomas A. Jackson against Thomas H. New. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William Ward Cook, Charles H. Cook, William A. Hough, Mark E. Forkner* and *George D. Forkner,* for appellant.

*James E. McCullough, William C. Welborn* and *Eugene H. Bundy,* for appellee.

HOTTEL, J.—Action for damages for alleged fraud perpetrated by appellant on appellee in the exchange and trade of certain properties. The cause was tried by jury, on a complaint in one paragraph, and an answer in general denial. There was a general verdict and judgment for appellee in the sum of $2,600. Appellant filed motion for new trial, which was overruled and exception saved.

Appellant, in his brief, insists that the complaint omits material allegations, but no error is assigned which pre-

sents to this court any question as to its sufficiency.

1. The only error assigned and presented by appellant's brief is the overruling of the motion for a new trial. The first ground of the motion for new trial, relied on and presented by appellant under his points and authorities, relates to errors which appellant insists were committed

2. by the court below in the giving of instructions. Only such instructions as are pointed out in the points and authorities as objectionable will be considered by this court on appeal. *Knapp* v. *State* (1907), 168 Ind. 153, 163, 79 N. E. 1076; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538.

Instruction number one, given at request of appellee, of which appellant makes complaint, is practically a copy of language used by the Supreme Court in the case of

3. *Frenzel* v. *Miller* (1871), 37 Ind. 1, 17, 10 Am. Rep. 62, where the court announces as applicable to fraudulent representations four separately numbered "principles of law * * * fairly and logically deducible from the * * * authorities." The instruction here complained of does not attempt nor purport to include all the principles, that enter into fraudulent representations, but in so far as it makes such attempt it is in perfect accord with said principles announced in said case. The principles announced in this case have been approved in many of the more recent cases; and in the case of *Krewson* v. *Cloud* (1873), 45 Ind. 273, the Supreme Court, in referring to objections made to the complaint and instructions given in the case last mentioned, used the following language, which is very applicable to the repeated objections urged by appellant to instructions in this case. "The second paragraph of the complaint and the instructions given are in exact accord with the principles of law enunciated by this court in *Frenzel* v. *Miller* [1871], 37 Ind. 1 [10 Am. Rep. 62]. It would be a useless waste of time to attempt to restate and reëxamine the questions so fully considered in that case. We are entirely satis-

fied with such ruling, and have adhered to it in several subsequent cases.''

Appellee's instructions numbered two, three and four, objected to, simply undertake to define the character of the misrepresentation that will constitute fraud, and do not attempt to include all the necessary elements to a recovery. The principles declared in each are supported by the decisions of the Supreme Court, as announced in the following cases: *Ray* v. *Baker* (1905), 165 Ind. 74, 88, 74 N. E. 619; *Laidla* v. *Loveless* (1872), 40 Ind. 211, 216, 217; *Peter* v. *Wright* (1855), 6 Ind. 183; *Bethell* v. *Bethell* (1883), 92 Ind. 318, 326, 327; *Parish* v. *Thurston* (1882), 87 Ind. 437, 438.

Appellant objects to these several instructions on account of certain alleged omissions, and cites a number of cases which correctly hold that where an instruction undertakes to tell the jury just what is necessary in order to maintain an action or defense, it must be complete as well as correct. We recognize this rule as correct, and our holding with reference to the instructions here considered is in no sense in conflict therewith. Neither of the instructions in question attempts to state the entire law of the case, nor the facts necessary to entitle appellee to a recovery, nor do we think it can be said that either attempts to state every element that enters into and constitutes fraud. In so far as each of said instructions attempts to state the law of the case, applicable to the particular element of fraud discussed therein, each instruction correctly states the same, and other instructions given correctly cover all omissions complained of, on which appellant was entitled to an instruction.

Counsel urge against these instructions generally, that they omit an important element necessary to be proven to constitute fraud, viz., the element of knowledge on the part of appellant that the representations made were false. But, under the holdings of this court and the Supreme Court, this is not a *necessary* element of fraud.

*Kirkpatrick* v. *Reeves* (1889), 121 Ind. 280-282, 22 N. E. 139; *Frenzel* v. *Miller, supra; Roller* v. *Blair* (1884), 96 Ind. 203, 205; *Bethell* v. *Bethell, supra; West* v. *Wright* (1884), 98 Ind. 335, 339; *Furnas* v. *Friday* (1885), 102 Ind. 129, 1 N. E. 296; *Slauter* v. *Favorite* (1886), 107 Ind. 291-299, 4 N. E. 880, 57 Am. Rep. 106; *Bolds* v. *Woods* (1894), 9 Ind. App. 657, 36 N. E. 933; *Culley* v. *Jones* (1905), 164 Ind. 168, 172, 173, 73 N. E. 94.

But counsel insist that in the absence of such an element in the charge, the court should have told the jury that the statements must have been recklessly made without regard for their truth. In this counsel are in error. In the case of *Furnas* v. *Friday, supra,* the court said on this subject, at page 130: "It is clear that the paragraph before us does not charge fraud, for *it does not aver that there was any purpose to defraud,* nor that there was any reckless misstatement. On the contrary, the fair conclusion from the facts stated is, that the appellant acted honestly, stated what he believed to be true, and gave the plaintiff a full opportunity to examine the sheep for himself. If the complaint had shown that the defendant professed to be an expert, and that he induced the plaintiff to rely upon his superior judgment or skill, *or if it had shown that the defendant made the representations for a fraudulent purpose,* or had recklessly made them, a very different case would have been presented." (Our italics.)

In the case of *Kirkpatrick* v. *Reeves, supra,* at page 282, the court said: "A belief in the truth of a statement does not always clear the person who makes it of a fraudulent purpose or relieve him from liability. * * * An unqualified statement that a fact exists, *made for the purpose of inducing another to act upon it,* implies that the person who makes it knows it to exist and speaks from his own knowledge. If the fact does not exist, and the defendant states of his own knowledge that it does, and induces another to act upon his statement, the law will impute to him a fraudulent

purpose." (Our italics.) See, also, *Slauter* v. *Favorite, supra; Furnas* v. *Friday, supra; West* v. *Wright, supra; Roller* v. *Blair, supra; Bethell* v. *Bethell, supra; Brooks* v. *Riding* (1874), 46 Ind. 15; *Krewson* v. *Cloud* (1873), 45 Ind. 273; *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *Frenzel* v. *Miller, supra;* 8 Am. and Eng. Ency. Law 642; *Fisher* v. *Mellen* (1870), 103 Mass. 503; *Brownlie* v. *Campbell* (1880), 5 App. Cas. 925; *Slim* v. *Croucher* (1860), 1 De G. F. & J. (62 Eng. Ch.) *518; *Bullis* v. *Noble* (1873), 36 Iowa 618; *Raley* v. *Williams* (1880), 73 Mo. 310; *Oregonian R. Co.* v. *Oregon R., etc., Co.* (1885), 23 Fed. 232, 10 Sawyer, 464; *Cragie* v. *Hadley* (1885), 99 N. Y. 131, 1 N. E. 537, 52 Am. Rep. 9.

The court in the instructions given in this case told the jury, in effect, *that before appellee was entitled to recover, he must show that the representations charged were made for the fraudulent purpose of inducing him to make the trade in question.* Appellant also insists that the authorities relied on by appellee, on this question, are all cases in equity, seeking a rescission and cancelation of the contract, and that the principles therein stated do not apply to a case like the one at bar, seeking to recover damages on account of. the fraudulent representations. The question here involved, viz., whether or not it is necessary that the party making the false representations at the time knew them to be false in order to constitute them fraudulent, is discussed in the case of *Frenzel* v. *Miller, supra,* and decided adversely to appellant's contention. This case, as well as all the cases cited and quoted from, recognizes that the representations must be made with a fraudulent intent and purpose. Herein lies the difference between cases like the one at bar and cases in equity seeking relief from mutual mistake, the result of misrepresentations innocently made.

Instruction number twelve is objected to, but no ground of objection is stated in appellant's points and authorities, other than that the instruction was "fatally erroneous."

Under the well-established rules of this court, such an objection is too indefinite and uncertain, and therefore not available. *Inland Steel Co.* v. *Smith, supra; Knapp* v. *State, supra.*

Instructions numbered one and two, given by the court on its own motion, are objected to. Instruction number one sets out the allegations of the complaint in detail and with particularity, and'tells the jury that "To this complaint the defendant has answered by a general denial, and this forms the issue you are to try." There was certainly no error in such an instruction. The second instruction follows in these words: "Under the issues thus formed, to entitle the plaintiff to recover in this case, he must have proved by a fair preponderance of all the evidence given in the cause all of the material averments of his complaint."

That appellant should object to these instructions taken together, seems inconsistent with his failure to present, by any assignment of error, the question of the sufficiency of the complaint. But counsel urges to this instruction an objection which he has attempted in his brief, without any assignment of error presenting the same, to raise to the sufficiency of the complaint, and which he also raises to the sufficiency of the evidence, viz.: That the complaint contains no averment of any value which the land and the stock of the "Miller Hopkins Manufacturing Company" had at the time appellant traded it to appellee for his property and that the only averments as to value of said property was that appellant at the time represented his farm to be worth $4,000, and that "without a particle of evidence of any confidential relation between the parties that fact was not a 'material averment' upon proof of which plaintiff was entitled to recover." Counsel have certainly overlooked the averments of the complaint on this subject. They are too numerous and lengthy to set out in detail in this opinion.

The complaint alleges in detail the representations made

with reference to the quality and character of the soil, its productivity, the crops growing thereon, the probable yield thereof, which it is represented has been the usual yield of the farm, the buildings and improvements and their character, and the value of the farm, the character of the business of the corporation, its assets, earnings, financial condition, its profits, soundness and solidity, value of its stock, that dividends had been declared thereon, the denomination of the separate shares of stock, their face value and the actual worth of the stock proposed to be traded by appellant, and avers that appellant referred to a man whom he (appellant) claimed to have procured to make an examination of the farm, and represented that he would tell appellee the exact truth as to the value of the farm, character of its soil, improvements, crops growing thereon, etc., and that he procured such person to make to appellee the same false representations made by himself; that he (appellant) also referred appellee to a person connected with said corporation, who, he said, knew and would tell him (appellee) the exact truth about the affairs of the same, and that he (appellant) then procured that person to make to appellee the same false representations, with reference to said stock, so made by appellant. The trade in question was made in Hancock county and, it is alleged in the complaint that appellant's land traded was situate in Warrick county, Indiana; that appellee had never seen and knew nothing about the same; that he (appellee) knew nothing about said corporation, its affairs or business, or its financial conditions, or the value of its stock, but for information with reference to all of said matters, both as to the farm and corporation stock, relied wholly on the representations of appellant and the men to whom appellant referred him, all of which appellant well knew, and, so knowing, made said representations for the purpose of deceiving appellee and cheating and defrauding him by inducing him to make said trade; that appellee did so rely on such representations, and by them was induced to

make said trade; that each and all of said representations were false, and appellant knew them to be so when he made them and procured them to be made.

There are other allegations, but we think we have set out sufficient to show that proof of the same would be sufficient to meet the above objection urged to instructions one and two of the court, under the authorities cited and relied on by appellant. *Cagney* v. *Cuson* (1881), 77 Ind. 494; *Bolds* v. *Woods, supra,* 663, 664; *Culley* v. *Jones, supra; Manley* v. *Felty* (1896), 146 Ind. 194, 198, 199, 45 N. E. 74; *Harness* v. *Horne* (1898), 20 Ind. App. 134, 140, 141, 50 N. E. 395.

" 'Where the vendee is wholly ignorant of the value of the property, and the vendor knows this, and also knows that the vendee is relying upon his (the vendor's) representa-
7. tion as to the value, and such representation is not a mere expression of opinion, but is made as a statement of fact, which statement the vendor knows to be untrue, such a statement is a representation by which the vendor is bound.' " *Culley* v. *Jones, supra.* See, also, 2 Pomeroy, Eq. Jurisp. §§878, 879; *Picard* v. *McCormick* (1862), 11 Mich. 68; *Bolds* v. *Woods, supra,* 663, 665.

Under the allegations of this complaint, "whether such representations as to value are merely the expressions of an opinion, or affirmations of facts to be relied upon, is
8. a question of fact to be determined by the jury," under proper instructions. *Culley* v. *Jones, supra.* See, also, *Simar* v. *Canaday* (1873), 53 N. Y. 298, 13 Am. Rep. 523; *People* v. *Peckens* (1897), 153 N. Y. 576, 591, 47 N. E. 883; *Ingalls* v. *Miller* (1889), 121 Ind. 188, 191, 22 N. E. 905; 14 Am. and Eng. Ency. Law (2d ed.) 35, 206.

On the subject of the representations as to the value of the stock, the case at bar, if anything, is stronger than the case of *Grover* v. *Cavanaugh* (1907), 40 Ind. App. 340, 82 N. E. 604, in which this court said at page 346: "The representa-

tions averred in the complaint before us were not made to induce the extension of credit. *They were representations of material, existing facts that went to establish primarily the value of the property appellees were seeking to sell.*'' (Our italics.)

The next alleged error presented by appellant's points and authorities relates to misconduct of jury. There is no showing by the affidavits in support of this ground of the motion for new trial that some of appellant's attorneys did not have knowledge of the misconduct complained of before the verdict of the jury was returned. In fact, it appears from the record that the misconduct charged occurred after the jury retired to consider its verdict, and that the court, after being advised of the same, called the jury into the court room, and gave it very proper instructions on the subject; and, in the absence of a showing to the contrary, the presumption which this court always indulges in favor of the regularity of the proceedings in the lower court would cause us, in this case, to presume that both parties to the suit were present either in person or by some of their attorneys when such action was taken by the lower court. This presumption, in this case, is strengthened by the fact that appellant and two of his attorneys in their affidavits each say that he was not present when such action was taken, but do not say that the other counsel for appellant were not present, and such other counsel each make an affidavit in said matter, and are silent on said subject. A very strong showing is made by way of counter-affidavits, to the effect that appellant was not prejudiced in any event; but the controlling influence in our determination of this question is the absence of a showing that none of appellant's counsel knew of the misconduct charged before the return of the verdict, in time to have moved for a withdrawal of the submission of the cause to the jury.

Under the holdings of this court and the Supreme Court,

the record must show that neither appellant nor his counsel had knowledge of the alleged misconduct before the jury returned its verdict; or, in case they had such knowledge, they must show a sufficient excuse for their failure to interpose seasonable objections to such misconduct. In the absence of such showing, a new trial cannot be granted. *Aurora, etc., Turnpike Co.* v. *Niebruggee* (1900), 25 Ind. App. 567, 573, 58 N. E. 864; *Fifth Ave. Sav. Bank* v. *Cooper* (1898), 19 Ind. App. 13, 19, 48 N. E. 236; *Messenger* v. *State* (1899), 152 Ind. 227, 231, 52 N. E. 147; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 269, 61 N. E. 565; *Cleveland, etc., R. Co.* v. *Osgood* (1905), 36 Ind. App. 34, 42, 43, 73 N. E. 285.

If, in this case, a motion to withdraw the submission of the cause to the jury had been made and overruled, such ruling of the court would present a very different question; but appellant, having taken the chances of a verdict in his favor, cannot now avoid the effect of one against him on account of misconduct of the jury, known to his counsel prior to the rendition of such verdict. See *Cleveland, etc., R. Co.* v. *Osgood,* and other cases cited.

Misconduct of counsel for appellee, on account of statements made in the argument of objections made to the introduction of evidence, and in the final argument of the cause, is urged as one of the grounds for new trial. The record discloses no misconduct of this character presented for review by this court, which was not entirely corrected and cured by instructions of the lower court. Finally, it is argued, that the verdict of the jury is not sustained by sufficient evidence, and especially that there was no proof on the question of amount or measure of damages justifying the verdict. On the question of the measure of damages, the instructions given by the court were as favorable to appellant as the law warranted, the court having given, on this subject, all the instructions requested by appellant. There was evidence

supporting the verdict on all questions material and
12. necessary to a recovery by appellee. We find no
error in the record authorizing a new trial of the case.
Judgment affirmed.

Felt, P. J., not participating.

NOTE.—Reported in 95 N. E. 328. See, also, under (1) 2 Cyc.
1017; (2) 2 Cyc. 1016, 1017; (3) 38 Cyc. 1598; (4) 20 Cyc. 128;
(5) 2 Cyc. 1016; (6) 20 Cyc. 127; (7) 20 Cyc. 55; (8) 20 Cyc. 124;
(9) 3 Cyc. 298; (10, 11) 38 Cyc. 1866; (12) 3 Cyc. 348. As to false
representations of value by vendor to influence vendee, see 18 Am.
St. 556.